# Porter v. Wheeler, *et al.*

*Bill in Equity to cancel a Mortgage as a Cloud upon Title.*

1. *Estoppel; mortgagee's right to enforce recorded mortgage.*—Where a mortgage is legally executed and duly recorded, the mortgagee who does no affirmative act to mislead or deceive, is not estopped from asserting his title and enforcing the mortgage because he allowed another to purchase from the mortgagor the land embraced in his mortgage and prepared for such purchaser a bond for title thereto, with-

out informing him of the existence of the mortgage incumbrance upon said lands.

2. *Same; release by junior mortgagee does not affect the right of the prior mortgagee to enforce his mortgage.*—A release given by a junior mortgagee of the mortgage held by him, which plainly refers to such mortgage, does not justify a purchaser of the lands embraced in said mortgage, who knew of this and other incumbrances, in believing that such release was intended also as a release of a prior mortgage held by another person, for whom said junior mortgagee neither had authority to act nor assumed to act; and such a transaction can not estop the prior mortgagee from enforcing his mortgage as against such purchaser.

3. *Payment of mortgage debt; burden of proof.*—The payment of a debt is an affirmative fact, which must be proved by the party averring it; and the burden of proving the payment of a mortgage debt is upon the person who sets up such payment, since no presumption of the payment of such debt arises until after the lapse of twenty years from the law day of the mortgage.

4. *Mortgages; purchase by mortgagee of equity of redemption under execution sale does not affect his right of foreclosure.*—The fact that a mortgagee purchases the equity of redemption at a sale under an execution issued upon a judgment against the mortgagor, founded on a debt not secured by the mortgage, does not affect the mortgagee's right to a foreclosure of his mortgage.

APPEAL from the Chancery Court of Lawrence.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on December 31, 1889, by the appellant, S. J. Porter, against Joseph Wheeler, individually, and as the administrator of the estate of Thomas H. Jones, deceased, and Ella Wheeler, the wife of Joseph Wheeler; and prayed to have the title of complainant to certain described lands quieted, and a mortgage which was held by Thomas H. Jones during his life time upon certain described lands cancelled as a cloud upon complainant's title to said lands.

The bill averred that on September 27, 1876, the complainant negotiated with Mrs. Mary E. Branch to purchase certain described lands; that pending the negotiation, he was informed that Joseph Wheeler held one or more mortgages upon the lands, and, therefore, refused to purchase the lands unless Wheeler would release the same from his mortgage; that thereupon there was obtained from Joseph Wheeler a release of the lands, which were then purchased by the complainant. The bill further averred that complainant was informed that

some years previous to the purchase of the lands involved in this controversy, Mary E. Branch, his vendor, executed to one Robert E. Tweedy one or more mortgages upon her lands, including the lands purchased by the complainant, to secure an indebtedness of about $1,800 ; that said mortgages were assigned by said Tweedy to Wasson & Emmerson, and they were subsequently assigned to Thomas H. Jones ; ''but complainant is informed and so states, that the mortgages in fact were purchased of Wasson & Emmerson, by Joseph Wheeler acting either for himself alone, or for himself and Thomas H. Jones jointly ; that the negotiations for the purchase and assignments were conducted by said Wheeler, and although the mortgages were assigned to Thomas H. Jones alone, both Joseph Wheeler and Thomas H. Jones were jointly interested in the purchase of said mortgages.'' It was further averred in said bill, that after the assignment of the Tweedy mortgages to Wheeler and Jones, a settlement of the same was made by Mrs. Mary E. Branch paying the entire principal secured thereby, and giving her note, secured by mortgage on her lands to Joseph Wheeler for the balance of her debt mentioned in the mortgage to Wheeler. It was further averred that Thomas H. Jones died during the year 1889, leaving his sister, Mrs. Ella Wheeler (one of the defendants) his sole heir-at-law, and that Joseph Wheeler had been appointed and duly qualified as the administrator of Thomas H. Jones, deceased; and that by all the acts of said Wheeler, in reference to these mortgages, and especially by his execution of the release to the lands purchased by the complainant, the respondents were estopped from interposing a claim under the Tweedy mortgage. There was attached to the bill, as exhibits, a deed from Mary E. Branch to the complainant, and also the release executed by Joseph Wheeler, which was in the following language : ''Mrs. Mary E. Branch having paid me one hundred and forty dollars, as part payment of the mortgage I hold, I hereby release from mortgage the south-east quarter of the south-east quarter and the north-west quarter of the south-east quarter, section eighteen, township four, range six, containing eighty acres in all. Signed this 28th day of September, 1876. Joseph Wheeler.'' In their answer to the bill, the respondents denied that Joseph Wheeler was in any way interested in the mort-

gages executed to R. E. Tweedy, and transferred by him to Wasson & Emmerson, and assigned by the latter to Thomas H. Jones. It was then averred in the answer, that in 1871, Mary E. Branch executed to R. E. Tweedy a mortgage for $1,681.42, and on May 24, 1872, she executed another mortgage to R. E. Tweedy to secure a note for $481.55; that these mortgages were assigned by Tweedy to Wasson & Emmerson, and in 1875 they were assigned by Wasson & Emmerson to Thomas H. Jones; that during the year 1875, after the assignment of the mortgages to Thomas H. Jones, Mrs. Mary E. Branch paid, in settlement of the mortgage executed in 1871, $1,800; and that at that time Thomas H. Jones agreed to extend the date of the maturity of the mortgage, executed on May 24, 1872, and given to secure the payment of the note for $481.55, until the year 1878; that this latter mortgage was in existence when the purchase was made by the complainant, and embraced the lands sought to be purchased by him; and that the said mortgage was owned by Thomas H. Jones, and was due and unpaid up to the time of his death; and thereupon became the property of Mrs. Ella Wheeler, the only heir-at-law of Thomas H. Jones. The answer was made a cross-bill, and prayed that the said mortgage be foreclosed. The complainant in the original bill filed his answer to the cross-bill, setting up as a defense thereto the facts averred in his original bill, and further averred that on the 28th of September, 1881, the portion of the lands purchased by him were sold by Joseph Wheeler, for the satisfaction of certain other mortgages held by him on said lands, and also averred that previous to this time Thomas. H. Jones recovered a judgment against Mary E. Branch for $1,100 or $1,200 in the circuit court of Lawrence county, and under execution issued upon said judgment, the lands described in the bill, together with other lands owned by Mrs. Mary E. Branch, were sold by the sheriff, and the purchase money from this sale was received by Thomas H. Jones, who thereby "relinquished all his right under the said mortgage to enforce the collection of the debt secured thereby, by another sale of said lands, and the said Jones was thereby estopped in law and in equity from asserting any right claimed by him" under his mortgage. The grounds upon which the complainant in the original bill bases his

[Porter v. Wheeler, *et al.*]

right to the relief sought, and upon which he justifies the defenses attempted to be interposed to the relief asked in the cross-bill, are as follows : 1st. That the mortgage for $481.55 has been paid. 2d. That the mortgage for $481.55 was assigned to Joseph Wheeler and Thomas H. Jones, or the firm composed of those persons. 3d. That said Jones and Wheeler were partners and associated in all matters of business, and their interest were in all respects identical. 4th. That said Jones or complainants in the cross-bill are estopped from enforcing the mortgage for $481.55, because sales of said lands have been made to satisfy junior mortgages, and under an execution issued on a judgment in favor of Thos. H. Jones. 5th. That the mortgage was barred by the statute of limitations before the bill was filed. 6th. That Mrs. Ella Wheeler and Joseph Wheeler are equitably estopped from proceeding to enforce the mortgage on the lands of the complainant, because of the execution of the release by Joseph Wheeler.

The proof clearly shows that Mary E. Branch on the 20th of May, 1871, conveyed by mortgage the lands in controversy to R. E. Tweedy to secure an indebtedness of $1,681.42, which was payable on the first of January, 1872 ; that on the 24th of May, 1872, she executed another mortgage on the same lands to R. E. Tweedy to secure an indebtedness of $481.55, payable January 1st, 1873. Both of these mortgages were transferred to Wasson & Emmerson by said Tweedy on February 4th, 1874. On May 8th, 1874, Wasson & Emmerson filed a bill in the chancery court. Joseph Wheeler having received a mortgage from Mary E. Branch dated April 27, 1874, to secure an indebtedness of $400, was made a party defendant with the others. On December 22, 1874, Thomas H. Jones purchased both of the said Tweedy mortgages. On the 23d of March, 1875, Thomas H. Jones and Mary E. Branch entered into an agreement in writing, by which, "in consideration of the payment to him of eighteen hundred dollars by Mrs. Mary E. Branch, he, the said Thomas H. Jones, agreed to and did surrender one of the notes, to-wit, the note of $1,681.42, and also agreed to and did cancel the mortgage given to secure the said debt, and extend the debt of $481.55, until after the first of March, 1878, and dismiss the bill which was accordingly done." The evidence further

showed that both of the Tweedy mortgages were record-ed in the probate office of Lawrence county, where the parties resided and the lands were situated; that upon the settlement of the mortgage executed on May 20, 1871, its satisfaction and payment was entered upon the mar-gin of the record book in the probate office, where it was recorded.

The evidence for the complainant tended to show that the relations between Joseph Wheeler and Thomas H. Jones were exceedingly close and intimate, and there was some evidence that they were at one time partners in a mercantile business; and it was also shown that Thomas H. Jones had recovered a judgment against Mary E. Branch for $1,200, upon a different debt from that contained in the mortgage for $481.55, and that the lands of Mrs. Mary E. Branch were levied upon under the execution issued upon said judgment and sold, at which sale the father of Thomas H. Jones became the purchaser. There was also evidence that Joseph Wheel-er drafted the bond for title given by Mrs. Branch to complainant

The evidence for the defendant was that Joseph Wheeler had no interest whatever in the purchase of the Tweedy mortgages by Thomas H. Jones from Wasson & Emmerson; that his release given at the time of the purchase by S. J. Porter from Mrs. Branch had refer-ence to the mortgage which he individually held upon the lands of Mrs. Branch, which mortgage was subor-dinate to the mortgage for $481.55 assigned to Thomas H. Jones; that he had no right or authority from Thomas H. Jones to release any of the lands, nor did he attempt to do so; that the mortgage, at the time the original bill in this case was filed, was still due and un-paid, and was the property of Mrs. Ella Wheeler, who was the only heir-at-law of Thomas H. Jones, who had died previous to the filing of the bill.

On the submission of the cause, upon the pleadings and proof, the chancellor decreed that the complainant in the original bill was not entitled to the relief prayed for, and dismissed his bill. On this submission the cross-bill was set aside for the reason that necessary parties were not joined, and leave was granted to com-plainants therein to amend accordingly. The complain-ant in the original bill brings the present appeal, and

assigns this decree of the chancellor as error.

E. H. FOSTER and S. T. WERT, for appellant.—Until the law day of the mortgage expires and there is default in payment, the mortgagee has no freehold title, or right of possession, or right to rents, income or profits. It is to all intents a mere chattel interest. *Barker v. Bell*, 37 Ala. 354; *Duval v. McLoskey*, 1 Ala. 708. In courts of equity the theory of a mortgage is that until foreclosure it is a mere security for a debt, the mortgagor continuing the real owner of the fee.— *Toomer v. Randolph*, 60 Ala. 356. The doctrine of equitable estoppel could well be applied in this case, even if Wheeler had not executed a release in writing to Porter before he made his purchase of the land.

JOSEPH WHEELER, *contra*, cited *Coyle v. Wilkins*, 57 Ala. 108; *Goodwin v. Baldwin*, 59 Ala. 127; *Cook v. Parham*, 63 Ala. 456, *Scott v. Ware*, 65 Ala. 174; 3 Brick. Dig., 651, § 258; 644, § 164 *et seq.*; 654, §§ 303, 304, 305.

BRICKELL, C. J.—The general rule upon which the appellant relies, is well settled. When one knowingly suffers another, in his presence, to purchase property to which he has a claim or title, which he conceals, or as to which he is silent, he is deemed to waive the claim, and will not afterwards be permitted to assert it to the prejudice of the purchaser or his privies. There is, however, no aspect of this case, in which the rule can be applied with reason or justice. The mortgage incumbering the lands, and which it is the object of the bill to remove as a cloud on the title of the appellant, at and prior to the purchase of the lands, was of record in the proper office. The record was the mode which the law required the mortgagee to pursue, to protect and preserve his title and security against subsequent alienation by the mortgagor to *bona fide* purchasers, not having notice. When he had caused the mortgage to be recorded, he had done all that the law requires, and all subsequent purchasers were bound at their peril to examine the record and take notice of the mortgage. The presumption is right and just, that an intending purchaser examines the records touching the title of his vendor; and it is

right and just to impute to him notice or knowledge of
all the record may disclose; if the examination is not
made, whatever of loss may result, is attributable to his
negligence, and not to the fault of him who has on the
record a paramount claim or title.   The law is well set-
tled, that one having a title of record, so long as he may
do no affirmative act to mislead or deceive, is under no
further duty to those who may acquire subsequent rights,
and will not be barred from the assertion of his title.
He may know or be informed that others are proposing
or negotiating for rights and interests in property bound
by his title of record; he is under no obligation to in-
quire for or hunt them up, and warn or apprise them of
that which the record discloses, and it is their duty to
ascertain.—Bigelow on Estoppel, 594; *Steele v. Adams*,
21 Ala. 534; *Brinckerhoff v. Lansing*, 4 Johns. Ch. 65;
*Rice v. Dewey*, 54 Barb. 455; *Bramble v. Kingsbury*, 39
Ark. 131; *Rector v. Board of Improvement*, 50 Ark. 116.
The bond for title the appellant obtained from his ven-
dor, may have been written by Wheeler, and of conse-
quence he may have had knowledge of the appellant's
intended purchase.   The vendor had the equity of re-
demption in the lands, and as the record afforded appel-
lant knowledge of the mortgage, Wheeler could well
presume that which the law presumes, that the appellant
had knowledge of it, and that he was purchasing subject
to it.—*Brinckerhoff v. Lansing*, 4 John. Ch. 65, *supra*.

The appellant admits that at the time of the purchase
he had information of the Tweedy mortgages, and of a
mortgage to Wheeler, and accepted a release from
Wheeler.   The release executed by Wheeler' is clearly
expressed, speaks of and refers to a mortgage held by
him of which he was, to say the least, the apparent
mortgagee or holder, and was incapable of producing
on the mind of the appellant any reasonable impression
or belief, that thereby the Tweedy mortgage was referred
to or intended to be released. There had been two mort-
gages to Tweedy, but when the appellant purchased, the
larger mortgage had been satisfied, leaving outstanding
the mortgage now sought to be cancelled, and it is to
this mortgage the admission of appellant that he had
notice must be referred.   Having notice of the truth of
the matter, if Wheeler or Jones had been present when
he entered into the contract of purchase, the silence of

the one or the other, could not be regarded as misleading or deceptive. If they had spoken, they could not have imparted to the appellant any information he had not previously acquired.

It would be as manifestly unjust to apply the doctrine of estoppel *en pais*, to one who is without fault, or who has not by some act or declaration, or by his silence when he should have spoken, induced another to change his condition, as to withhold the application when the fault can be imputed properly. The evidence is clear and convincing, that Jones was the assignee of the mortgage, having in it the exclusive right and interest. The relations existing between him and Wheeler were of the closest and most confidential character, but there is a want of relevant, material evidence, that Wheeler had authority, or even assumed authority, to act for or bind him in reference to the mortgage, or was ever dealt with by the appellant in the belief of such authority. And it is Wheeler's supposed omission and conduct which are relied upon as forming the estoppel asserted. If he were the party to be affected, it is but just and proper to say, the evidence does not justify the imputation to him of any omission, act or declaration having in it an element of an estoppel *en pais.*

The burthen of proving payment of the mortgage debt, rested on the appellant. Payment of a debt is an affirmative plea, which must be always proved by the party averring it. There is no presumption of payment of a mortgage debt until after the lapse of twenty years from the law day.—*Coyle v. Wilkins,* 57 Ala. 108.

It is the generally accepted doctrine, that a mortgagee can not upon a judgment recovered on the mortgage debt, cause the equity of redemption of the mortgagor to be levied on and sold under execution.—1 Jones Mort., § 665, 2 *Ib.* § 1229; *Powell v. Williams,* 14 Ala. 476. But if the equity of redemption be the subject of the levy and sale under execution at law, as the statute now renders it, the mortgagee having a debt not secured by the mortgage on which he obtains judgment, may subject it to levy and sale under execution issuing on the judgment.—1 Jones Mort., § 665; 2 *Ib.* § 1229. If the mortgagee was the real purchaser of the equity of redemption at the sale under execution issuing on a judgment founded on a debt not secured by the mortgage, his

right to a foreclosure of the mortgage is unimpaired.

We have considered the questions raised in argument. The evidence reduces the case to a purchase of lands, the records disclosing the true state of the title, and the absence of all evidence that the purchase was induced by any misconduct on the part of a mortgagee having a paramount title ; from the consequences of the purchase, he is without equity to be relieved.

Let the decree of the chancellor be affirmed.

