## BEAN v. HARRIS.

No. 11731—Opinion Filed Oct. 16, 1923.

**1. Evidence—Secondary Evidence—Lost Instruments.**

In order to render competent secondary evidence of a lost instrument, it must be first given in evidence that such a paper once existed, though slight evidence may be sufficient for this purpose, and that a bona fide and diligent search has been unsuccessfully made for it in the place it was most likely to be found. Held, that the certified copy of deed was properly admitted in evidence under this rule.

**2. Estoppel—Equitable Estoppel—Duty to Disclose Title.**

A person holding a deed to land, which he has placed upon record, is not ordinarily bound to disclose his title to persons contemplating purchasing said land unless his silence be deceptive and is misleading, or is accompanied by intention to defraud.

**3. Same—Misleading Acts.**

While mere standing by in silence will not preclude one from asserting a title which has been spread upon the public records, yet the fact that the title is of record is not justification for an act which misleads the other party.

**4. Same—Estoppel by Silence.**

To make the silence of a party operate as an estoppel, the circumstances must have been such as to render it his imperative duty to speak, and there must also be an opportunity to speak. If a man is silent when he ought to speak, equity will debar him from speaking when conscience requires him to be silent; silence when there is a duty to speak is deemed equivalent to concealment.

**5. Same—Affirmance of Judgment Quieting Title.**

The record examined, and held, that the evidence is sufficient to support the judgment of the court in favor of the defendant.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Nowata County; C. W. Mason, Judge.

Action by Walter Bean against James A. Harris. Judgment for defendant, and plaintiff brings error. Affirmed.

A. B. Campbell, for plaintiff in error.

F. A. Thomas, for defendant in error.

Opinion by JARMAN, C. The plaintiff, Walter Bean, filed this suit in the district

court of Nowata county against the defendant, James A. Harris, to quiet title to 15 acres of land in Nowata county, Okla. The plaintiff alleged that he was the owner of said land by virtue of a certain warranty deed executed by Idella Theodore, the allottee of said land, to the plaintiff on October 9, 1916, and which deed was duly filed for record in the office of the county clerk of Nowata county on October, 10, 1916. The defendant, Harris, filed a cross-petition in which he alleged that Idella Theodore was a Cherokee freedman citizen and the allottee of the lands in controversy; and that she was residing with her step-father, Walter Bean, the plaintiff; that Walter Bean engaged the services of one A. A. Taylor to sell said land belonging to his step-daughter; that said Taylor negotiated with the defendant and sold said land, together with ten additional acres, a total of 25 acres, to the defendant for a consideration of $175, and on October 7, 1916, the said Idella Theodore, accompanied by her step-father, Walter Bean, went to Fort Gibson to meet the said Taylor for the purpose of closing negotiations for the sale of said land to defendant, and on said date a draft was drawn by Idella Theodore on the defendant through the First National Bank of Wagoner, Okla., for $175, the consideration agreed upon for said land, and said draft was deposited with the Farmers' & Merchants' National Bank of Fort Gibson for collection, and at the same time a deed to said land was delivered to said Farmers' & Merchants' National Bank of Fort Gibson from said Idella Theodore to the defendant to be held pending payment of said draft; that said draft had indorsed on it that it was given for the purchase of the lands in controversy, and setting forth a description of the 25 acres of land; on October 9, 1916, said draft was paid by the defendant and remittance made to the Farmers' & Merchants' National Bank at Fort Gibson, Okla., and on October 12, 1916, Idella Theodore and Walter Bean, her stepfather, went to Fort Gibson for the purpose of consummating said deal, and went to the Farmers' & Merchants' National Bank at Fort Gibson, when the deed, which was placed in said bank on October 7, 1916, was duly signed and acknowledged by the said Idella Theodore, conveying said land to the defendant, and which deed was delivered to the defendant, and the consideration of $175 was delivered by the bank to the said Idella Theodore, she retaining $100 thereof, and paying $75 to Taylor for handling the deal, all of which happened in the presence of, and with the knowledge of, Walter Bean. That on November 4, 1916, the said Idella

Theodore, together with Walter Bean, went to Fort Gibson for the purpose of executing another deed to the defendant to correct the description of the land as contained in the original deed executed and delivered on October 12, 1916. The full 25 acres had been described in the first deed, except the number of the section of a 10-acre tract was omitted. That Walter Bean was present when said correction deed, supplying the number of said section, was made, executed, and acknowledged by Idella Theodore to the defendant, and understood the nature of said transaction. That the plaintiff, at no time, asserted any right to said lands by virtue of the deed he procured thereto on October 9, 1916, but permitted the defendant to purchase the same without advising him of his claim of any interest therein, and the defendant, in his answer and cross-petition, alleged that under such circumstances the plaintiff was estopped from setting up any right, title, claim, or interest in and to said land.

The plaintiff, in response to the cross-petition of the defendant, offered evidence to show that Idella Theodore intended to convey only ten acres of land to the defendant, and that a description of the 15 acres of land, which was contained in the deed that said Idella Theodore executed to the plaintiff, was erroneously included in the conveyance to the defendant.

Said cause was tried to the court without a jury and the court made a general finding in favor of the defendant and decreed that the defendant was the owner in fee simple of said 25 acres of land, and quieted title in him to same, from which findings and judgment the plaintiff brings error.

The plaintiff urges that the court erred in admitting in evidence a certified copy of the first deed by Idella Theodore to the defendant which was dated October 12, 1916.

The plaintiff contends that the proper predicate for the admitting of the certified copy of said deed was not laid; that the original deed had not been accounted for. After reviewing the evidence, we cannot agree with this contention. The evidence of F. A. Thomas, attorney for the defendant, shows that he, together with the defendant, made diligent search among the papers and files of the defendant for said deed and that they looked and searched among the other papers pertaining to this transaction, and that is the place where said deed was likely to be kept, and that they were unable to find said deed. We think that the evidence shows that a bona fide and diligent search had

been unsuccessfully made for said deed in the place where it was most likely to be found, and therefore, the proper showing was made that said deed had been lost or misplaced and was not available to be introduced as evidence in the case.

In commenting on this question, the court, in the case of Landon v. Moorehead, 34 Okla. 701, 713, 126 Pac. 1027, 1032, said:

"In order to render competent secondary evidence of a lost instrument, it must be first given in evidence that such a paper once exited, though slight evidence may be sufficient for this purpose, and that a bona fide and diligent search has been unsuccessfully made for it in the place it was most likely to be found."

In any event, we are of the opinion that the admitting of the certified copy of said deed in evidence could be only harmless error at most. The evidence shows that the description of the 25 acres of land set forth in the said original deed was copied from the description of land set forth in the draft that was drawn by Idella Theodore and signed by her in the presence of the plaintiff, and that the second deed executed to the defendant for the purpose of correcting the description in the first deed by supplying the number of the section of a 10-acre tract of land, was taken from the original deed, and this second deed had already been admitted in evidence without objection on the part of the plaintiff, and under such circumstances it would be immaterial whether the first deed, or a certified copy thereof, had been introduced in evidence at all.

The plaintiff urges as another proposition for a reversal of the case that, by the placing of the plaintiff's deed of record, prior to the time the deeds were executed to the defendant, the defendant had constructive notice of the claims of title of the plaintiff to said 15 acres of land, and the defendant could not avail himself of a plea of estoppel against the plaintiff.

Section 1155, Rev. Laws 1910, being section 5252, Comp. Stat. 1921, provides that every conveyance of real property, acknowledged or approved, certified and recorded, as prescribed by law, from the time it is filed for record, is constructive notice of the contents thereof to subsequent purchasers; and it is the contention of the plaintiff that the defendant was bound to take notice that the plaintiff had purchased this land by reason of the fact that he had duly placed his deed of record in the proper county, and that it was not necessary for the plaintiff, after he had placed his deed of record, as the law

required, to notify the defendant that the plaintiff claimed an interest in said land or was the owner thereof. Counsel for the plaintiff has very ably briefed and presented this question, but we cannot agree with the contention of the plaintiff under the evidence in this case. The authorities cited and relied upon by counsel for the plaintiff hold to the effect that where the foundation for an estoppel is silence or the omission or failure to give notice of one's rights, that the party relying thereon must not have had the means of knowing the true state of facts, as by reference to the public records. In other words, these authorities hold that mere silence by a party who is the owner of land, and has placed his deed regularly of record as the law requires, is not sufficient to constitute an estoppel in favor of one who expends his money in purchasing said land. But in this case, the evidence shows that the plaintiff not only was silent and stood by and permitted the defendant to purchase said land without advising him that he claimed an interest therein, but that the plaintiff engaged the services of A. A. Taylor to sell this tract of land for Idella Theodore, plaintiff's step-daughter, and that after Taylor had interested the defendant in purchasing said land and said Theodore, in the presence and with the knowledge of the plaintiff, sold said land to the defendant, the plaintiff then, pending payment of the draft for the consideration for said land and the delivery of the deed from Idella Theodore to the defendant, took a deed to himself to said land and placed it of record, and thereafter, when the draft was honored and paid by the defendant, and the proceeds thereof delivered to said Idella Theodore, and the deed was delivered to the defendant, the plaintiff stood by, with full knowledge of these facts, and aided and assisted in these transactions, and never at any time asserted any rights or made known to the defendant any claim of title to said land that the plaintiff had, and after this first deed was executed and delivered, the plaintiff stood by and permitted said Idella Theodore to execute a second deed to the defendant to said land for the purpose of correcting an erroneous description in the first deed, and still never notified th defendant of any claims that he made to said land. We think there is a broad distinction in this case and a case where a party was simply silent when land was being sold to another party. The silence of the plaintiff, or his failure to assert his rights to said land at, or prior to the time the defendant purchased the same, amounts to a misrep resentation or a concealment of the true

facts; it was his duty, under the circumstances, to speak and assert his rights to said land, and now equity will debar him from speaking when conscience requires him to be silent. The effect of the failure of the plaintiff to assert his rights or claims to said land, under the facts in this case, amounts to a fraud practiced upon the defendant which the plaintiff cannot take advantage of:

"If man is silent when he ought to speak, equity will debar him from speaking when conscience requires him to be silent. Silence, when there is a duty to speak, is deemed equivalent to concealment. * * *" 10 R. C. L. 673, sec. 21.

"To make the silence of a party operate as an estoppel, the circumstances must have been such as to render it his duty to speak, and there must also be an opportunity to speak." 21 C. J. 1150, sec. 154.

"In order for the silence of a party to constitute an estoppel against him, it must have occurred under such circumstances as to have made it his imperative duty to speak, and a party in whose favor the estoppel is invoked must have been misled into doing that which he would not have done but for such silence." Heckman v. Davis, 56 Okla. 483, 155 Pac. 1170; Bragdon v. McShea, 26 Okla. 35, 107 Pac. 916.

"Inaction or silence may under some circumstances, amount to a misrepresentation and concealment of the true facts, so as to raise an equitable estoppel." Hilton v. Sloan, (Utah) 108 Pac. 689; Rogers v. Reynolds (Wash.) 164 Pac. 80.

"The laws is well settled that one having a title of record, so long as he may do no affirmative act to mislead or deceive, is under no further duty to those who may acquire subsequent rights, and will not be barred from the assertion of his title. He may know or be informed that others are purchasing or negotiating for rights and interest in property bound by his title of record; he is under no obligation to inquire for or hunt them up and warn or apprise them of that which the record discloses, and it is their duty to ascertain." Porter v. Wheeler, 105 Ala. 458, 17 South. 221.

"While mere standing by in silence will not preclude one from asserting a title which has been spread upon the public records, yet the fact that the title is of record is not justification for an act which misleads the other party." Olden v. Hendrick, 100 Mo. 535, 13 S. W. 821.

"Mere standing by in silence will not bar one from asserting a title to land which has been spread upon the public records, so long as no act is done to mislead the other party. But the very statement of the rule shows that the fact that the title is of record is no justification for an act which does mislead the other party. Where the owner concurs in the sale, by participating in it at the time, he makes it his own act." Olden v. Hendrick, supra, page 538.

"It has been accordingly laid down by a very learned judge that the cases on this subject go to the result only, that there must be positive fraud or concealment, or negligence so gross as to amount to constructive fraud. To the same purport is the language of the adjudged cases. Thus it is said by the Supreme Court of Pennsylvania that 'the primary ground of the doctrine is, that it would be a fraud in a party to assert what his previous conduct had denied, when on the faith of that denial others had acted. The element of fraud is essential, either in the intention of the party estopped, or in the effect of the evidence which he attempts to set up'." Brant v. Virginia Coal & Iron Co., 93 U. S. 336.

"A person holding a deed of property, which he has placed upon record, is not ordinarily bound to disclose his title to persons contemplating purchasing, or making improvements upon the land, unless his silence be deceptive or accompanied by an intention to defraud." Wiser v. Lawler, 189 U. S. 260.

The remaining assignment of error relied upon by the plaintiff is that the evidence is insufficient to support the judgment in favor of the defendant. We think that the determining of the other questions, which are discussed in this opinion, disposes of this assignment of error. The evidence is ample to support the judgment of the trial court.

Therefore, the judgment of the lower court is affirmed.

By the Court: It is so ordered.