FINK BONDING & INS. CO., Trustee,
v. STEVENS et ux.

*98 P. 2d 898.*

No. 29108.   Dec. 12, 1939.

Rehearing Denied Jan. 16, 1940.

Application for Leave to File Second Petition for Rehearing Denied
Feb. 6, 1940.

Malcolm Rosser, Malcolm E. Rosser, Jr., Gordon Harrison, and C. A. Ambrister, all of Muskogee, for plaintiff in error.

Julian B. Fite and Bower Broaddus, both of Muskogee, for defendants in error.

DAVISON, J. On the 10th day of August, 1933, the Fink Bonding & Insurance Company, through a committee appointed at a meeting of its stockholders, entered into a contract by the terms of which it was agreed that said company would convey to one Walter N. Stevens all its assets for a consideration of $9,000. Two thousand dollars of said amount was paid upon the execution of the contract, and according to the terms thereof Stevens agreed to pay the balance in installments of $3,500 each, on or before August 10, 1934, and August 10, 1935, respectively. Stevens defaulted in the payment of the two installments mentioned, and on April 12, 1937, judgment was entered against him and in favor of Fink Bonding & Insurance Company, trustee, for the creditors of Fink Bonding & Insurance Company, in the amount of said $7,000 in an action to recover said balance due under said contract that was originally commenced by a former trustee for said creditors.

On different dates, subsequent to August 10, 1933, Stevens executed, as grantor, six quitclaim deeds to his wife, as grantee, covering six separate parcels of real estate, which we shall hereinafter refer to as if they were numbered from "1" to "6," inclusive, and designated "tract one," "tract two," etc. The present action was commenced by the above-named judgment creditor on November 2, 1938, against Stevens and his wife to obtain the cancellation of the quitclaim deeds to tracts one and five and to have tracts two, three, four, and six declared to be the property of Stevens and to have all of said real estate decreed to be subject to the lien of plaintiff's judgment and sold to satisfy the same. The plaintiff's asserted right to the relief sought was based upon allegations that all of the real estate involved was purchased by Stevens and the purported conveyances that he later executed to his wife were without consideration and in fraud of creditors.

After the issues were joined by the plaintiff's pleadings and the answers filed on behalf of both defendants, the cause came on for trial without a jury.

At the close of the evidence the plaintiff requested that the court make 15 certain findings of fact and five certain conclusions of law.

In entering judgment for the defendants, the trial court refused to promulgate the conclusions of law requested on behalf of the plaintiff, but made the findings of fact requested, with one exception. Supplemental to these findings, however, the court also found that each of the six parcels of real estate was purchased with the funds of the defendant Mrs. Stevens, and that in each of said purchases, the other defendant, Mr. Stevens, acted as her agent. The court also found that the funds and properties of both defendants were "commingled," and that Mr. Stevens assumed and exercised the privilege of using any part of the funds of Mrs. Stevens and that she did not object to his so doing.

The plaintiff has appealed to this court specifying eight assignments of error. The position that it has adopted in its briefs is set forth in five propositions.

We will hereinafter continue to refer to the parties as they appeared in the trial court.

Before discussing the argument presented on behalf of the parties it will be necessary to more specifically identify the six parcels of real estate involved herein.

Tract number one was purchased from one L. C. Decius by a warranty deed

dated February 9, 1933, naming both of the defendants as the grantees thereof. Title to tract number two was also acquired from L. C. Decius by a warranty deed dated February 10, 1934. Tract number three was purchased from one C. B. Kagy and others on March 15, 1935. Tract number four was purchased April 11, 1936, from E. R. Jones and others. Title to tract number five, which consists of portions of two lots in the city of Muskogee, was acquired from the Farm & Home Savings & Loan Association by a warranty deed dated February 8, 1936. Tract number six, a portion of another city lot in Muskogee, was acquired from the First National Bank & Trust Company of that city by a warranty deed executed March 19, 1937.

In all six of the warranty deeds executed by the above-named vendors, except the one covering tract number one, Mrs. Stevens is the sole and only grantee named. All of said deeds, as well as the six quitclaim deeds executed contemporaneously therewith or subsequent thereto by Stevens to his wife, and covering the same property described in said warranty deeds, were filed of record.

By the first proposition set forth in the plaintiff's brief, it is contended that the trial court erred in refusing to cancel the quitclaim deeds from Mr. Stevens to Mrs. Stevens for the asserted reason that they were without consideration, and therefore void as to the plaintiff. The defendants' answer to this contention is that the evidence is insufficient to establish ownership by Mr. Stevens in the tracts in question, but, on the contrary, it shows, as the trial court found, that the funds used in purchasing said real estate were funds of Mrs. Stevens, and that in said purchases Stevens acted merely as agent for her. If these assertions are correct, then, under our decision in Streeter et al. v. State ex rel. Shull, Bank Com'r, 154 Okla. 160, 7 P. 2d 636, the trial court committed no error in refusing to cancel the deeds in question. And if, as the

defense counsel say, the property thus purportedly conveyed by Mr. Stevens was the separate property of his wife, then, according to section 1659, O. S. 1931, 32 Okla. Stat. Ann. § 9, the trial court correctly refused to subject it to the lien of plaintiff's judgment.

In their second proposition, plaintiff's counsel contend that the findings of the court indicating that the six tracts of real estate were purchased for Mrs. Stevens with her own separate funds are not supported by the evidence and are contrary to other findings promulgated.

In support of this assertion, counsel for plaintiff call our attention to certain testimony concerning the acquisition of the six tracts of real estate from their former owners. This testimony shows that in all of the negotiations and transactions concerning the conveyances we have described said owners dealt directly with Mr. Stevens, and some of them gave testimony to the effect that they did not know that Mrs. Stevens was a party thereto. It also reveals that the consideration paid for each of the six transfers was delivered solely by Mr. Stevens.

We consider the evidence described insufficient to establish that any of the six parcels of real estate were purchased by Mr. Stevens for himself rather than as agent for Mrs. Stevens. There appears to be no evidence in the record directly contradicting the testimony of the defendants that the funds used for the purchase of tracts two to six, inclusive, were all derived from the sale of bonds belonging to Mrs. Stevens that had been purchased with money she had earned while employed by various printing shops and newspapers. The entire purchase price of tracts two, three, and five was delivered in currency. While the evidence shows that to obtain $25 of the consideration paid for tract five Mr. Stevens wrote and cashed a check, and it also appears that the entire consideration for tract three was paid by check, yet it was not proved

upon what account these checks were drawn. If it were assumed that these checks were drawn upon the only account that the evidence shows Stevens to have had access to at the time of these purchases, there would still be no refutation of defendants' testimony. The account was entitled "W. N. Stevens, agent." There is testimony that this was a joint account. There is no proof, however, that at the time these checks were cashed there was not a sufficient amount of Mrs. Stevens' funds in said account to pay them. The evidence with reference to the purchase of tract number five further discloses that the contract for said purchase was made in the name of, Mrs. Stevens, and that the receipts for the purchase price were made to her. The evidence also discloses that in the purchase of tract number six, Mr. Stevens gave his personal note for $900, secured by a government bond for $1,000. Since the receipt for the entire purchase price of this tract was made to Mrs. Stevens, and there is no evidence to the contrary, we must accept as true the testimony by the defendants that this tract was paid for with her funds.

In the purchase of tract number one, government bonds in the amount of $800 comprised the consideration paid the former owner. To obtain his release of a contract of purchase which he had on the property, one Ralph Brooks was given an old Dodge automobile of the approximate value of $150. The testimony of the defendants that the bonds belonged to Mrs. Stevens is undisputed, but counsel for the plaintiff contend that the delivery of the automobile by Mr. Stevens to Ralph Brooks proves that he paid at least a part of the consideration for said tract. We do not regard the evidence as sufficient to support that contention. It was not shown who paid for or owned said automobile. All that the evidence directly establishes is that Mr. Stevens was driving or using the car at the time of its transfer to Brooks. Counsel call particular attention to the fact that Mr. Stevens was named with Mrs. Stevens as one of the grantees in the deed by which tract number one was acquired, as constituting strong evidence that he was the owner of an interest therein. This fact alone, however, is insufficient to subject said property to the plaintiff's judgment lien.

"A judgment lien 'does not attach to the mere record title of land standing in the name of the judgment debtor,' but is limited to the 'actual interest that the judgment debtor had in the land at the time the judgment lien attached.' " Harry v. Hertzler, 185 Okla. 151, 90 P. 2d 656.

Even though the record title to the property is in the debtor, when he denies the ownership thereof, the creditor has the burden of proving his ownership. Streeter et al. v. State ex rel. Shull, Bank Com'r, supra.

Counsel for the plaintiff also call our attention to the fact that some of the properties involved herein were once insured in the name of Mr. Stevens and that the premiums for same were charged to his personal account, although the policies were later changed so that Mrs. Stevens appeared as the insured therein. Other evidence referred to shows that the rentals derived from some of the property were paid by the tenants at Stevens' office and that part of the time the receipts for said payments were issued in the name of Stevens and part of the time in the name of his wife. The evidence also shows that the tax receipts for the years 1934 and 1935 on tracts one and two and for the year 1935 on tract three were issued to Mr. Stevens. The plaintiff maintains that these facts and other circumstances proved, when considered in connection with the fact that the defendants are husband and wife, are sufficient to establish that the deeds in question were executed in fraud of Mr. Stevens' creditors. We cannot concur in this view, because Stevens was never proved to have owned any interest in the properties in question. None of the facts and circumstances which might be considered circumstantial evidence of Stevens' ownership in said properties, when considered singly or collectively, can be held sufficient to outweigh the direct and un-

disputed evidence that said properties were all purchased for Mrs. Stevens with government bonds or funds derived directly or originally from the sale thereof, that were her separate property. We therefore conclude that the findings of the trial court in accord with said evidence are not clearly against the weight of the evidence. From our examination of the record as a whole, we further conclude that the plaintiff failed to discharge its burden of proving ownership by the defendant Mr. Stevens in said properties.

Counsel for the plaintiff next refer to the trial court's finding that the funds and properties of the two defendants were "commingled" and that Stevens, without objection on the part of Mrs. Stevens, exercised the privilege of the use of any of her funds that were so commingled. It is contended that this finding is inconsistent with the court's findings that the bonds and funds used in the purchases of the real estate in question were the bonds and funds of Mrs. Stevens. Their argument is that "if the funds or properties of the defendants were so commingled as was shown to be the case by the evidence, then it would be impossible to state with any degree of certainty as to which individual defendant a particular portion or part thereof belonged, and to do so would be clearly in error, unsupported by the evidence and inconsistent with another and proper finding." As we view the evidence, it does not show that the properties and funds that were used to pay for the parcels of real estate involved herein were commingled in such a manner that it could not be ascertained to which of the defendants the same belonged. It appears that the property of Mrs. Stevens that was used for the purchases were Liberty Bonds payable to bearer, and there is testimony tending to prove that Mr. Stevens had also purchased similar bonds with his own earnings. It is undisputed, however, that Mrs. Stevens' bonds were kept in a safety deposit box in the Commercial National Bank of Muskogee. It is true that Mr. Stevens had access to that box, and it appears that some of his papers and documents were at one time kept there, but there is no proof that his bonds were ever placed therein or ever became commingled with those belonging to Mrs. Stevens. There is evidence showing that funds originally derived from the sale of some of Mrs. Stevens' bonds were deposited, before they were applied to the purchase price of some of the real estate in question. However, if it be assumed that the deposits were made in the only bank account which either of them are shown to have had at the time, this would not completely discredit the defendants' testimony that those funds, rather than any belonging to Stevens, were used for the real estate purchases. If said bank account was the joint account of both parties, they could still know what proportionate share thereof consisted of Mrs. Stevens' separate funds and could testify with certainty that her share thereof was used for the purchases in question. That the funds thus used were not or could not be identified as the identical legal tender received from the sale of said bonds would not destroy the weight of such testimony.

It is next asserted that, since the court correctly found that the funds and properties of the defendants were commingled, its judgment for the defendants is erroneous under a proposition formulated in the plaintiff's briefs as follows:

"Where a wife voluntarily permits her funds and properties to become so commingled with those of her husband that it cannot be distinguished, the wife is estopped from claiming same as against the husband's creditors."

Under this proposition counsel attempt to apply to the rights of the parties in this case the rule with reference to "confusion of property" which is stated as follows:

"If a wife voluntarily permits her property to be so mixed with her husband's that it cannot be distinguished, she will be estopped from claiming same as against his creditors or persons claiming under him."

In respect to the asserted applica-

444

bility of this proposition, it must be remembered that the property that by the present action the plaintiff seeks to subject to its judgment lien is real estate rather than the proceeds of the government bonds. The latter constitutes the only "funds and properties" belonging to Mrs. Stevens and used in the purchase of said real estate that there is any evidence tending to show were ever commingled with "funds and properties" of Mr. Stevens. Since these funds did not remain commingled with the funds of Mr. Stevens, but went into the consideration paid for said real estate, unaccompanied by and unmingled with any funds or property of which Mr. Stevens was shown to be the owner, said real estate is not a proper subject for the application of the doctrine plaintiff's counsel contends for, and the authorities cited in support thereof do not apply to the present case.

The next proposition asserted on behalf of the plaintiff is as follows:

"A married woman, who permits her husband to use her separate property, thereby inducing third persons to extend credit to her husband, is estopped to assert her title against a creditor so induced."

Under this proposition it is contended that the Fink Bonding & Insurance Company was induced to enter into the contract of August 10, 1933, for the sale of its assets, whereby Stevens became indebted to it in the sum of $7,000, on the strength of representations that he made as to his financial worth and ownership of property. On the basis of this contention, it is asserted that the trial court erred in refusing to promulgate the plaintiff's requested finding of fact numbered "10" and conclusion of law numbered "2". The substance of the so-called conclusion of law is that Mr. Stevens represented that he was, and the plaintiff extended credit to him as, the owner of the real estate involved herein and the bonds hereinbefore described. The material part of the requested and refused finding of fact is that at the time Stevens purchased the

Fink Bonding & Insurance Company's assets, he represented to E. R. Smith, the representative of the company's creditors who were interested in said sale, "that he owned land and bonds." The material part of the testimony of E. R. Smith that is quoted in support of these allegations of error is as follows:

"Q. Prior to the time that the contract for sale was entered into which has been designated as plaintiff's Exhibit 1, did you make any investigation as to the financial responsibility of Mr. W. N. Stevens? A. Yes, sir * * * Q. (By the Court) What investigation did you make as to his financial responsibility? A. Well, we conferred with Mr. Stevens and we were taking a substantial note from him and we wanted to know if the note was good and he said that his assets were about $75,000. Q. Did he state what they consisted of? A. Yes, he said four farms and some city property and certain stocks and bonds. Q. Did he state what kind of bonds? A. He said he had some Liberty Bonds. I don't remember exactly what kind of bonds it was. Q. Did he state where this farm property was? A. I don't remember exactly; I believe he said one was near Ft. Gibson and one was near Checotah. Q. And that was just prior to the time that he entered into this contract? A. Yes, sir."

From an examination of the quoted testimony, it can readily be seen that there was some basis for the requested finding that Stevens represented to Smith that he owned "land and bonds," and the record in the present case does not prove that representation to be false. There is testimony indicating that Stevens has owned bonds and property that are not involved in this controversy. For all that the record shows, Stevens may, at the time in question, have owned stocks, bonds, farms, and city property of a total value of $75,000. There is no evidence tending to show that the property he owned, or verbally represented that he owned, is the same property that is involved in this controversy. In the absence of such evidence, the fact that Stevens made such a representation is immaterial to the issues in this cause, and the court committed no error in

failing or refusing to include the same in its specific findings. See Mortgage Bond Co. v. Stephens, 181 Okla. 419, 74 P. 2d 361.

The court's failure or refusal to include in its judgment the plaintiff's requested "conclusion of law" did not constitute error, for the reason that the evidence does not support such a conclusion. We find no evidence in the record tending to show that before the execution of the contract by which Fink Bonding & Insurance Company agreed to allow Stevens to become indebted to it in the sum of $7,000, Stevens ever represented that he was the owner of any of the parcels of real estate or any of the bonds that had been purchased with Mrs. Stevens' earnings. Tract one is the only part of the realty involved herein that had been acquired on the date the contract was entered into. It was not shown that at this time any of the agents, employees, or representatives of the Bonding & Insurance Company knew that Stevens was one of the grantees in the deed by which it was acquired or that he had in any manner been represented to them as the owner of an interest therein or that bonds had been used in the purchase of same. Counsel for the plaintiff also refer to the keeping of Mrs. Stevens' bonds in a safety deposit box to which Stevens had access and the keeping of both of the defendants' funds in a joint bank account as other circumstances upon the strength of which said company was induced to make the contract, but there is no evidence tending to show that before said contract was entered into said company had any notice or knowledge of these circumstances. Other circumstances claimed to have constituted representations that the bonds and real estate belonged to Stevens were the manner in which the taxes on said real estate were assessed and paid; the manner in which it was insured; and the use by Stevens of one of the bonds as collateral for a note by which he secured the $2,000 he borrowed to pay said company the first installment of the sum he had contracted to pay for its assets. As we have hereinbefore revealed, the first taxes that Stevens paid on any of the six tracts of real estate were for the year 1934. None of said properties were insured in Stevens' name until the year 1935. Therefore, the fact that said taxes were assessed and paid and the insurance was applied for and paid in the name of Stevens could constitute no inducement or representation having any bearing upon the contract which was executed in the year 1933. There is no evidence showing that when said contract was entered into the company was apprised that Stevens was using or would use one of Mrs. Stevens' bonds in obtaining the money to make the first payment prescribed in said contract. In view of the foregoing considerations and the absence of evidence to support a conclusion that the Fink Bonding & Insurance Company extended the defendant Stevens any credit on the strength of his apparent ownership of any of the real estate or bonds of the defendant Mrs. Stevens, we not only hold that the trial court committed no error in refusing to incorporate in its judgment the conclusion requested by the plaintiff, but we also hold that said judgment was not erroneous on the asserted ground that the defendant Mrs. Stevens was estopped to claim title to the real estate in question because she permitted Mr. Stevens to use her separate property as his own. Said judgment is correct not only because Mrs. Stevens' property was never shown to have been represented to the Fink Bonding & Insurance Company as the property of Mr. Stevens, but also because there is a total absence of evidence tending to prove that said company relied upon any such representation in entering into the contract with Stevens. Representation and reliance thereon are two necessary elements of estoppel. See cases digested in 6 Okla. Dig. at pages 446 and 448, Key-Numbers 52 and 58.

As we have found no merit in any of the grounds presented for the reversal of the trial court's judgment, said judgment is hereby affirmed.

BAYLESS, C. J., and OSBORN, CORN, HURST, and DANNER, JJ., concur. WELCH, V. C. J., and RILEY, J., absent. GIBSON, J., disqualified and not participating.