**S. J. SARKEYS, Plaintiff in Error,**

v.

**Martha M. RUSSELL, Defendant in Error.**

No. 37440.

Supreme Court of Oklahoma.

March 12, 1957.

Rehearing Denied April 16, 1957.

Luttrell & Luttrell, Norman, for plaintiff in error.

Robinson, Shipp, Robertson & Barnes, T. Murray Robinson, Wm. L. Robertson, Oklahoma City, for defendant in error.

PER CURIAM.

This appeal is from a judgment of the district court of Cleveland County, Oklahoma quieting title in the defendant in error, Martha M. Russell, plaintiff below, to certain undivided mineral interests in and under three separate tracts of real property in said county. The parties will hereinafter be referred to as they appeared in the trial court.

The record discloses that Frank Russell, husband of the plaintiff, on July 1, 1949, in the United States District Court for the Northern District of Oklahoma, had judgment in the sum of $153,800 rendered against him in favor of the Mid-Continent Petroleum Corporation, which judgment was entered on the judgment docket of Cleveland County, Oklahoma, on August

17, 1949. As the result of that judgment, pursuant to alias execution issued on June 25, 1954, the property involved in this action was levied on by the United States Marshal and sold to the defendant, S. J. Sarkeys, on August 17, 1954. The publication notice advertising said property for sale, among other things contained the following language:

"* * *, I have, for want of goods and chattels of said Frank Russell, levied upon the following described properties situated in Cleveland County, Oklahoma, and standing of record in the office of the County Clerk of said County in the name of Martha M. Russell, as the properties of said Frank Russell, and not exempt from sale under execution, to-wit: * * *."

On September 3, 1954, the United States District Court for the Northern District of Oklahoma confirmed the Marshal's sale, and the Marshal executed his deed in favor of the defendant on October 8, 1954. Eight days after the sale conducted by the Marshal on August 17, 1954, and prior to confirmation thereof, plaintiff brought this action to quiet title.

It is apparent from the record herein that plaintiff's business and that of her husband, Frank Russell, were separately conducted; that she followed the practice of depositing to his personal bank account various and sundry sums to be used to purchase mineral interests in land for her; that the property involved in this action, although paid for by checks of Frank Russell and conveyed to him in his name, was purchased for plaintiff at her request by one William H. Harding in May, 1944, and the funds used in payment were sums of money previously advanced by plaintiff to Frank Russell for this purpose.

It is further apparent that in 1948, when plaintiff learned that this property had been conveyed to Frank Russell and stood of record in his name, she demanded and caused said property to be conveyed from him to her, and immediately filed said conveyance of record in the office of the county clerk of Cleveland County.

The petition herein filed by plaintiff alleged her ownership of the property; the manner in which she acquired title, and that defendant claimed some right, title or interest in the described mineral interest adverse to her interest but that defendant's claim was junior and inferior to her title and right of possession. She therefore requested a judgment quieting her title. The defendant's answer denied generally the allegations of plaintiff's petition, and alleged certain proceedings had in civil case No. 1975, in the United States District Court for the Northern District of Oklahoma, whereby the sale hereinabove referred to was conducted and the property sold to the defendant; alleged that plaintiff was present at that sale by her attorney, remained silent and did not make known that she was making claim to the property being sold, and by such silence and conduct was estopped from claiming or asserting any right, title or interest in or to said property as against the defendant. The answer admits that the mineral deeds under which plaintiff was claiming title appeared of record in the office of the County Clerk of Cleveland County in the name of Martha M. Russell, but alleges that said deeds were made, executed and delivered in bad faith without fair and valuable consideration, and that they were made for the purpose of delaying, hindering and defrauding the creditors of Frank Russell. Plaintiff's reply was in effect a general denial with allegations that the execution and sale set forth in defendant's answer showed that the judgment was against Frank Russell only, and that the lands and tenements of the plaintiff were levied upon in an attempt on the part of the judgment creditor to satisfy its judgment against the said Frank Russell. She further denied that any of the mineral deeds set forth in her petition were secured in bad faith or for the purpose of delaying, hindering or defrauding any creditor, and alleged that a good and valuable con-

sideration was paid for each of the mineral deeds. She further denied that she was estopped from asserting her title.

The matter was tried to the court, without a jury, resulting in a judgment in favor of plaintiff quieting her title in and to the mineral interests involved.

Motion for a new trial was overruled and the defendant appeals, presenting five assignments of error which are argued under two propositions.

Defendant first contends that plaintiff is estopped from asserting that the sale of the property by the United States Marshal and the deed executed by him to defendant pursuant to said sale, and after confirmation thereof by the court, did not vest in defendant title to the property.

Before considering this proposition we find it necessary to consider the applicable law relative to a purchaser of land sold on execution and a third party claimant to the land admittedly a stranger to the action.

The general rule, long applied in this jurisdiction, is that, the purchaser at a sheriff's sale is not an innocent purchaser. He takes only such interest as the judgment debtor possessed; so that if the judgment debtor has nothing, the purchaser acquires nothing. See Goldenstern v. Gavin, 187 Okl. 338, 102 P.2d 582, and cases therein cited. Therefore, in sales of property on execution, it must be said that the purchaser is charged with the knowledge of the interest and title therein held by the judgment debtor, and the doctrine of caveat emptor applies.

In the instant case, it cannot be seriously contended that plaintiff was not a stranger to the action by Mid-Continent against Frank Russell. The judgment in that case was against Frank Russell only. She was not made a party defendant and was as completely divorced from the action as if she had not been known by either Mid-Continent or Frank Russell. Of course, she had knowledge of the action, being the wife of Frank Russell, but that in itself is not sufficient to place her in a position of jeopardy or subject her to the loss of her separate property. She was in the same position as any other third party claimant, a stranger to the action. In Plant v. Smith, 192 Okl. 165, 134 P.2d 965, this court in considering the position of a stranger to the action out of which the execution issued, laid down the following rule:

"Where property is seized on execution, and is sold, and the writ of execution is duly returned, and a motion to confirm the sale is filed, a third person, a stranger to the action, who claims to own the property so seized and sold, may not file a motion to set aside the sale nor an objection to the confirmation of the sale on the ground that he and not the judgment debtor owned the property sold; but such third person should pursue some legal or equitable remedy for the recovery of his property."

We are of the opinion that plaintiff was bound by this rule.

Coming to the defense of estoppel, we find that the defendant has pleaded it, with the particularity and precision that the law requires. However, neither the pleadings nor the evidence state or disclose a single affirmative act on the part of plaintiff that misled the defendant or induced him to purchase the property involved herein. If plaintiff is estopped to claim title it must be on defendant's theory that a duty rested upon her to apprise the public by speaking out, or other effective means, that the property was owned by her and the sale being conducted by the United States Marshal would not be recognized. In support of this theory, defendant cites Gypsy Oil Co. v. Marsh, 121 Okl. 135, 248 P. 329, 48 A.L.R. 876; Bean v. Harris, 93 Okl. 10, 219 P. 300; and cases from other jurisdictions; particular reference being had to the Bean case. However, in that case plaintiff employed an agent to sell his stepdaughter's land, and after a sale was made to defendant took and recorded a deed to himself, and with full

knowledge of the facts remained silent when a deed was delivered to defendant and payment was made. His silence in that case constituted fraud. The Gypsy Oil Company case has no application, merely setting forth the essential elements of an estoppel.

According to defendant's testimony, his purchase of this property was based solely upon his assumption, however wrong it may have been, that Mid-Continent was causing the sale to be conducted and that he knew they would not cause to be sold, property to which they did not have title, or which they did not have a right to sell. He knew that the property he was about to purchase was held of record in the plaintiff, or if he chose he could have with little or no effort consulted the records of Cleveland County and there found that plaintiff was the record title owner and had been for more than six years prior to the sale.

Notwithstanding the silence of plaintiff's representative, upon which he now attempts to base his theory of estoppel, it cannot be said that he would have had cause to believe that plaintiff was assenting to the sale or would not lay claim to her title, especially in view of her long recorded title.

In this day and time it is common knowledge that the title to oil properties will be contested by some one connected with the title if there is a remote chance for success. Also, the decisions are uniform that the owner of property is justified in relying upon his title; and he is under no obligation to proceed against all persons who may assert a hostile title, although another person might be deceived by the apparent genuineness of such hostile title.

In the case at bar, it cannot be said that the plaintiff by any overt act, or neglect, or by her silence, induced the purchase by defendant. It was not her duty, if her own interests did not require it, to take steps to have the sale enjoined, nor do we think under the rule of this court in Plant v. Smith, supra, she could have proceeded in any other manner than that pursued by her. It is true that defendant as purchaser at the execution sale, relying upon the apparent authority of the judgment issued in the United States District Court, might be injured, but he could readily protect himself by proper objection in that court to the confirmation of the sale (a course of action not open to plaintiff), especially in view of the action against him by plaintiff before the confirmation. To constitute an estoppel by silence there must be something more than an opportunity to speak, there must be an obligation to do so.

Defendant finally contends that the deeds from Frank Russell to plaintiff were made without a fair and valuable consideration and void as against the judgment creditor, Mid-Continent Petroleum Corporation. In support of this assertion, counsel for defendant call our attention to certain testimony concerning the acquisition of the separate mineral interests in and under the three tracts of real estate from their former owners. This testimony shows that in all of the transactions the owners dealt with Frank Russell and his personal checks were given in payment for the conveyances. It also reveals that the conveyances were made to him as grantee and the property stood of record in his name for approximately four years. Defendant argues that such evidence is sufficient to disclose that the property involved herein was purchased for Frank Russell and comes within the decision rendered by this court in Akers v. Rennie, 182 Okl. 378, 77 P.2d 1112. While the facts in that case are somewhat analogous to the facts in the case at bar, yet in that case plaintiff's claim was that she became the owner for a valuable consideration paid by her to her husband. The trial court found that no consideration passed and the deed from plaintiff's husband to her was void. This court on appeal affirmed the trial court's judgment on the premise that it was not against the clear weight of the evidence.

While the evidence just described, without more, would strongly indicate that the property involved herein was the property of the judgment debtor, Frank Russell, yet there is no evidence in the record contra-

dicting the testimony of the plaintiff, or that of her broker, Harding, that the property involved herein was purchased by Harding for plaintiff, at her request, and that .Mr. Russell was acting merely as her agent in the transactions, paying for the property from money which she had advanced to him for the purpose, and placed in his separate bank account. In this connection, see and compare Fink Bonding & Ins. Co. v. Stevens, 186 Okl. 439, 98 P.2d 898. Nor are we able to find any evidence contradicting plaintiff's testimony, corroborated by Harding, that Mr. Russell confined his business activity to the purchase of leasehold estates and would never purchase mineral or royalty interests, except for plaintiff.

Although transactions between husband and wife will be closely scrutinized, yet this relationship does not in itself establish any element of fraud or that transactions between them were made without fair and valuable consideration. Also, the trial court heard all the evidence and its judgment was in effect a determination that the mineral interests involved herein were purchased with the funds and property of plaintiff; that the judgment debtor, Frank Russell, acted as plaintiff's agent in the purchases, and actually owned no interest in the property at the time of his purported conveyances to plaintiff. The rule announced by this court, supported by numerous decisions, is that in an equitable action the presumption is in favor of the trial court's judgment and will not be set aside unless the judgment is against the clear weight of the evidence.

Finding no merit in the grounds presented for the reversal of the trial court's judgment, said judgment is hereby affirmed.

WELCH, C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Jean R. Reed, and approved by J. W. Crawford and James H. Nease, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.