MAGIN v. BOVAIRD.

No. 32464. Dec. 17, 1946.

*175 P. 2d 333.*

Jack L. Rorschach, of Vinita, for plaintiff in error.

Frank Nesbitt, and Nelle Nesbitt, both of Miami, for defendant in error.

PER CURIAM. Frank Bovaird, hereinafter called plaintiff, filed his action against the defendant, Anthony Magin, alleging that on the 19th day of October, 1944, plaintiff contracted to buy of Keith Smith lots 7 and 9 and the SE 10 acres of lot 8 and the NE¼ of the SW¼ of section 6, township 23 N., range 22 E., Delaware county; that the consideration therefor was $3,500 and that he had paid thereon $1,750 and took possession of the premises; that on the 26th day of October, 1944, the defendant, Anthony Magin, placed of record a deed in which he claimed a one-fourth interest in said real property; that the defendant, Anthony Magin, and Keith Smith orally agreed that the defendant would keep the deed off record and that Keith Smith should contract to sell the land; that by virture of said agreement the defendant clothed Keith Smith with power to sell and dispose of the land with the agreement that the defendant should have one-fourth of the amount for which the land was sold.

Plaintiff prayed for equitable relief, and the issues were joined on these allegations. At the conclusion of the trial to the court, the court made special find-

ings of fact and conclusions of law and found that the defendant, Anthony Magin, had placed the deed of record to cloud the title of plaintiff, and entered judgment for plaintiff quieting title to the premises. Defendant, Anthony Magin, has appealed and for reversal of the order and judgment of the trial court first asserts that there is no evidence authorizing quieting of the title in the plaintiff for the reason that the plaintiff has not pleaded or proved facts sufficient to constitute a cause of action on the basis of equitable estoppel.

. The record discloses that the property had been acquired through a tax sale. W. B. Wolf, a real estate salesman, had discovered that the land was subject to sale for delinquent taxes. This information was communicated to Keith Smith, and it was agreed that Keith Smith would buy the land and acquire a quitclaim deed from a corporation formerly owning either an interest therein or the complete title. Subsequent to this agreement the said Wolf, Keith Smith, and an attorney named Wallen perfected the title in Keith Smith, and shortly thereafter, in consideration of the work done by Wallen and a payment of a sum of money by Magin, a transfer of one-fourth interest was made to the defendant, Anthony Magin. Anthony Magin and Wallen were partners in certain transactions involving real property. Thereafter plaintiff contacted Keith Smith, at which time the title showed to be in him. The title which defendant purports to hold is evidenced by quitclaim deed by Keith Smith to the defendant dated June 19, 1941. On the 19th day of October, 1944, when the contract of purchase was made between the plaintiff and Keith Smith, it is admitted that the plaintiff paid $1,750 of the purchase price of $3,500. Thereafter, on the 26th day of October, 1944, the defendant placed his deed of record, and it is admitted that at the time said deed was placed of record the balance of the purchase price had not been paid.

Defendant argues that under the doctrine announced in Moore v. De Bernar-

di, 47 Nev. 33, 220 P. 544, and similar cases, it is the general rule that plaintiff can acquire only an interest pro tanto, and that in such event the plaintiff is protected only to the extent of $1,750 paid at the time the deed was placed of record. In this connection it is argued that it was the duty of the plaintiff to inquire of the interest held by the defendant and to make no payment after the discovery of the deed. The evidence fully justifies the finding of the court that at all times the defendant knew of the interest of the plaintiff and the claim of Keith Smith to the right to transfer and dispose thereof. In fact, no serious denial is made of the truth of this finding. Defendant asserts that the evidence of this oral agreement is not binding on the defendant. The rule announced in Moore v. De Bernardi, supra, is limited to cases in which, through inadvertence, mistake or other reason, not disclosed, the real owner of property fails to place the deed of record. It does not include agreements found to be entered into by the trial court as in the case at bar. It is the general rule that a party who holds an interest, conceals the same, and by agreement with the apparent owner allows the apparent owner to sell the same, is estopped to deny the interest acquired by the purchaser after a valid agreement is made with the apparent owner. 31 C. J. S. p. 308, § 90; 31 C. J. S. p. 331, § 104; Bean v. Harris, 93 Okla. 10, 219 P. 300; see, also, annotations in 50 A. L. R., at page 696, et seq.

This disposes of all of the specifications of error dealing with the right of an innocent purchaser who discovers an outstanding title prior to a payment of the full amount and cases distinguishing that rule from estoppel. However, in a reply brief the defendant reasserts the specifications of error and therein the chief argument made is that the plaintiff has changed his theory from a demand for specific performance of a conveyance of the one-fourth interest of defendant, Anthony Magin, to an action to quite title. As we view the

case at bar, it should make no difference what relief a court of equity grants if the evidence justifies the finding made by the trial court that under the facts and circumstances the defendant, Anthony Magin, entered into an agreement by which he misled the plaintiff into assuming that all of the property was owned by Keith Smith. The evidence fully justifies this finding by the trial court.

Affirmed.

GIBSON, C. J., HURST, V. C. J., and RILEY, OSBORN, WELCH, and DAVISON, JJ., concur.