WISEL v. TERHUNE et al.

No. 32873.   Feb. 8, 1949.

Rehearing Denied March 15, 1949.
Second Petition for Rehearing
Denied April 5, 1949.

*204 P. 2d 286.*

232

Thos. Hudgens, of Weatherford, for plaintiff in error.

Walter Hubbell, of Walters, for defendants in error.

CORN, J.  Plaintiff brought this action in June, 1944, seeking to establish a resulting trust in certain real property (farm) in Caddo county, and to quiet title thereto.

In October, 1934, plaintiff and Lee T. Terhune (a widower) and father by a previous marriage of the two adult defendants herein, were married.  At that time both owned separate property in Weatherford, Oklahoma.  In April, 1935, plaintiff's parents conveyed the farm (160 acres) in question to the parties by warranty deed, the grantees assuming an outstanding mortgage of $1,400, and paying delinquent taxes and interest amounting to $600, which was borrowed by mortgaging a dwelling in Weatherford which was plaintiff's separate property.  Thereafter, another loan of $1,250 was secured to refinance the $600 indebtedness, plaintiff's separately owned dwelling again serving as security for the loan.

In January, 1936, decedent (Lee Terhune) traded the equity in his sep-arately owned property for some live-stock and a secondhand truck, there-after used in operating the farm, but no part of the proceeds from the trading of his property was applied toward discharging outstanding indebtedness upon the farm.  However, in July, 1941, the parties sold certain oil and gas royalty interests in the farm, and with the proceeds discharged both the farm indebtedness and the debt secured by the mortgage upon plaintiff's separately owned dwelling.

Lee Terhune died intestate October 27, 1941, leaving as survivors the plaintiff, two adult sons of a former marriage, and Bobby Gene Terhune, minor son of plaintiff and defendant, all of whom are named as defendants in this action, the minor appearing by a guardian ad litem appointed in his behalf.  Plaintiff applied and was appointed administratrix and thereafter submitted to the probate court a general inventory wherein an undivided one-half interest in this farm was listed as realty owned by deceased.  Administration proceedings were concluded, and March 27, 1942, the county court entered its final decree and order of distribution, whereby plaintiff was decreed an undivided one-third of the deceased's one-half interest in the real estate and each of the named defendants, an undivided two-ninths share therein.

June 29, 1944, plaintiff instituted this action, alleging it had been the intention of herself and deceased to take title to this farm as joint tenants with rights of survivorship, but through error of the attorney who drew the deed, and against their specific instructions, a tenancy in common was created.

Defendant Frank Terhune filed answer, adopted by defendant Raymond Terhune, alleging the deed was regular and free from ambiguities, and that plaintiff knew of the title so conveyed, but failed to take timely action to correct or reform the deed; and that this fact, coupled with the ad-

ministration proceedings instituted by plaintiff and the final distribution thereunder, estopped plaintiff from claiming any greater interest or estate in the property than that conveyed to her by the deed and distributed to her by the final decree of the county court.

By reply plaintiff set up that she paid all of the purchase price of the land and that deceased had never paid any part of the purchase price or cost of improvements. Further, that in carrying out administration proceedings she had not acted upon her own initiative, being ignorant of her rights and without counsel, but acted entirely upon defendant's advice and counsel; that no ground existed for administration proceedings, but plaintiff had continued to labor under such misapprehension until shortly before she brought this action.

After hearing the testimony the trial court made substantially the following findings of fact upon which he based his conclusions of law: The court found plaintiff and deceased received the property from plaintiff's parents under an agreement to assume the mortgaged indebtedness, and that plaintiff mortgaged her separate property to pay on the mortgage indebtedness, while deceased traded his separate property for stock and implements used on the farm; that the parties intended to take title as joint tenants with right of survivorship, but by error title was taken as tenants in common and that parties knew of this in 1941, but did nothing; in 1941, the parties sold half the oil royalty and from the proceeds paid off the mortgage and also the indebtedness against plaintiff's separate property, and that deceased died intestate in the fall of 1941, leaving as survivors those heretofore named. Further, that plaintiff administered upon the estate and final decree was entered distributing the land to the heirs at law, subject to plaintiff's homestead rights; that plaintiff continued to occupy the premises as homestead and the heirs took their distributive shares, subject to her rights;

that the land was leased by the parties under separate oil and gas leases and the heirs had obtained credit upon the strength of their interest in the property and plaintiff had offered to purchase the defendants' interest, and thereafter brought this action to correct the deed and exclude defendants from asserting any title or rights in the property and to quiet title in herself.

The court then concluded as a matter of law that the deed gave plaintiff and deceased fee-simple title as tenants in common, and that plaintiff was estopped from questioning the ownership of the interest distributed as the estate of her deceased husband by failing to avail herself of the knowledge of the mistake in the deed; that the decree of distribution became final and was conclusive as to the rights of the interested parties and to modify the deed would cause irreparable damage to defendants.

The trial court then rendered judgment decreeing plaintiff to be the owner of fee-simple title of an undivided two-thirds interest in the land in question, and the defendants owners of an undivided one-ninth interest each. From this judgment the plaintiff has appealed, the grounds for the reversal of such judgment being presented under two theories which may be summarized as follows: (1) Reformation of the deed should be ordered so that the instrument may reflect the true intention of herself and deceased to create a joint tenancy with right of survivorship; (2) conveyance of the land to plaintiff and deceased, for a consideration furnished exclusively by plaintiff, created a resulting trust, under which deceased died seised of no descendible estate, since he held only a naked, legal title to an undivided one-half interest, the equitable estate being in plaintiff as cestui que trust.

Clearly plaintiff has assumed inconsistent positions. If the parties intended to create a joint tenancy with right of survivorship, as urged by plaintiff, in seeking reformation of the deed,

there obviously could have been no intention to create a resulting trust. A resulting trust arises where legal estate is conveyed with an intent the beneficial interest is not to go, and such intention can be made to appear either from terms of disposition or from accompanying circumstances. Graham v. Dunlap, 179 Okla. 295, 65 P. 2d 538; 54 Am. Jur., Trusts, §195.

Enjoyment of the beneficial interest is the essence of the survivor's right under a joint tenancy, all tenants having an equal right thereto during their lives. 14 Am. Jur., Cotenancy, §6. Plaintiff's own testimony that she and her husband wanted the deed drawn so that the farm would belong to both and whichever survived would have the farm, clearly negatives any presumption or legal implication that the deceased took only the legal title to an undivided interest in trust for plaintiff, since had she predeceased him, it would have been impossible for him ever to have acquired the beneficial interest as the surviving spouse.

This leaves for consideration only the question arising from plaintiff's first contention that she is entitled to equitable relief in the nature of a reformation of the deed. However, defendants urge plaintiff is not entitled to equitable relief because barred by (1) the final decree of the county court; (2) laches in failing to promptly pursue her remedy; (3) her conduct which was such that she is now estopped to assert a position different from that taken by her as administratrix.

No appeal was taken from the judgment of the county court, hence, it is necessary to consider the final decree to determine just what issues were settled thereby. In the probate proceeding the county court was clothed with full authority to determine the heirs at law of Lee T. Terhune and to order distribution of his estate to them. Under the provisions of 58 O. S. 1941 §632, the county court finally determined these matters and no appeal having been taken such adjudication was conclusive. No other person could thereafter successfully assert heirship to the deceased, and those named as heirs could inherit only the proportionate share therein prescribed.

Also to be considered is the question whether the decree of distribution, unappealed from, conclusively determined that all property included in the general inventory filed by plaintiff (as administratrix) was in fact property of the deceased. Determination of this matter involves adjudication of the question of title to real property, which is beyond the jurisdiction of the county court. In re Griffin's Estate, 199 Okla. 676, 189 P. 2d 933. Had plaintiff asserted her claim to the entire estate at any time prior to entry of the final decree, the county court would have been without authority to try the question of title. Fibikowski v. Fibikowski, 185 Okla. 520, 94 P. 2d 921. Thus it is apparent the question of title herein raised by plaintiff is not res adjudicata because of the county court's final decree of distribution, as this was beyond jurisdiction of the county court to determine.

We deem it unnecessary to consider the matter of laches, in view of the conclusion to be reached upon the question of estoppel. The facts upon which the trial court based his finding of estoppel may be summarized as follows: Prior to her husband's death it was suggested to plaintiff and deceased that the deed as drawn probably did not create a joint tenancy. Following her husband's death plaintiff talked with either the county judge or county attorney and was advised that the nature of the title held would require probate proceedings. Thereafter she advised with the manager of a building and loan association, who in turn called in the attorney who handled the probate matter. During a part of this time plaintiff was with defendants, but at no time nor to any person did she see fit even to suggest that the deed was not in the form originally intended,

or that she was a joint tenant with right of survivorship and therefore entitled to the entire property. Following this plaintiff presented the estate for probate and was appointed administratrix, in which capacity she inventoried only the undivided one-half interest in the land as comprising the estate of her deceased husband. The estate was settled and the property ordered distributed without any complaint from plaintiff, or suggestion that it was intended that she succeed to the entire title. Nearly two years thereafter plaintiff wrote two letters inquiring whether defendants would sell their surface interests, and if they were interested in leasing for oil, and stating that she would like to buy their part.

Estoppel is defined as a bar or impediment raised by the law, which precludes one from alleging or from denying a certain fact, or state of facts, in consequence of the previous allegation, denial, conduct or admission, or in consequence of a final adjudication of the matter by a court of law. Black's Law Dictionary, De Luxe Ed. @ 638, and cases cited. See, also, Northwestern Nat. Life Ins. Co. v. Ward, 56 Okla. 188, 155 P. 524.

The doctrine (of estoppel) may be invoked successfully only when the party asserting it has been misled to his injury, disadvantage or prejudice. Herrington v. Kacker, 181 Okla. 396, 74 P. 2d 388. And, one who has not altered his situation in reliance upon the conduct urged cannot base an estoppel thereon. Hawkins v. Mattes, 171 Okla. 186, 41 P. 2d 880.

However, it is impossible to state a general rule determinative of all cases. There are many cases holding that upon the particular facts the acts of an executor or administrator do not work an estoppel against such party in an individual capacity, while the contrary result has been reached in many other instances. See 110 A.L.R. 600, and annotation. In 50 A.L.R. 668, there appears an exhaustive annotation covering many phases of estoppel where there has been a failure to disclose title.

The nearest approach to the matter in this jurisdiction is to be observed in Hutson et al. v. McConnell et al., 139 Okla. 240, 281 P. 760. In that case the defendant, as administratrix of the estate of M., filed pleadings in the probate proceedings referring to all the property in question as belonging to the estate of M., and at no time ever attempted to question such ownership. During this time she entered into an agreement whereby plaintiff and defendant each executed certain conveyances transferring portions of the estate to the other. A final decree was entered distributing the estate, subject to the conveyances the heirs had made to one another. Thereafter plaintiffs brought an action to cancel the conveyances and recover one-half of the estate, defendant claiming all the estate, contending that although title thereto was in M., he was holding in trust for her. The plaintiffs in that case raised the two questions which are considered in the matter herein presented.

In reversing the trial court's judgment in favor of the defendant, administratrix, it was pointed out that at no time did she question the ownership in the county court, and, under such circumstances, and in the absence of fraud and mistake, she was estopped from questioning such ownership in a subsequent proceeding, paragraph 2 of the syllabus of this case being as follows:

"In a suit by an heir against the former administratrix to recover her distributive share in said estate, as fixed by the final decree and order of distribution of the probate court, the defendant, in the absence of fraud or mistake, is estopped from defending on the grounds that she is the owner of all said property and that the deceased was merely holding the same in trust for the defendant, where it appears that such defendant made no such claim in the probate court, but as administratrix of said estate repeatedly filed

pleadings, including her petition for final distribution of said estate, wherein all such property was described and referred to as belonging to the deceased."

In the present case a stronger situation is presented. Following the settlement of the estate plaintiff recognized the validity of defendants' title and attempted to negotiate a purchase of their interests. Further, the trial court found that the defendants leased their interests by separate oil and gas leases and also obtained credit upon the strength of their interest in the property, and that to modify the deed would cause irreparable damage to defendants. The record sustains the trial court's finding. Estoppels are said to be favored in equity, their peculiar office being to promote justice, and this appears to be a case wherein the doctrine is particularly applicable.

Judgment affirmed.

ARNOLD, V.C.J., and WELCH, GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur. LUTTRELL, J., concurs in conclusion.