POWELL et al. v. MOORE et al.

No. 34053.  May 1, 1951.
Rehearing Denied May 22, 1951.

*231 P. 2d 695.*

H. M. Thacker and Homer Windle, Mangum, for plaintiffs in error.

W. B. Garrett, Mangum, and J. P. Garrett, Ardmore, for defendants in error.

JOHNSON, J. The parties herein occupied reverse positions in the trial court and hereafter will be referred to as they appeared therein.

The plaintiffs, J. O. Moore and Ruby M. Moore, brought this action against the defendants, Dorothy F. Powell, Theo Powell, B. E. Davis and the Guarantee State Bank of Mangum, Oklahoma, alleging in their second amended petition that the defendants Dorothy F. Powell and Theo Powell are husband and wife, and that the Guarantee State Bank of Mangum, Oklahoma, is engaged in the banking business; that the defendant B. E. Davis is the father of Dorothy F. Powell; and, in all things hereinafter complained of, either acted in his own behalf or as the agent of Dorothy F. Powell and Theo Powell. That plaintiffs do not know whether or not there was a specific contract of agency between said parties defendants or the terms thereof, but allege that the acts set out as performed by the said defendant B. E. Davis and by the said Dorothy F. Powell and Theo Powell were performed by them. That the plaintiffs are in possession of the property in question, to wit: The East Half (E½) of Section Seventeen (17), Township Three (3) North, Range Twenty-three (23) W. I. M., Greer County, Oklahoma, by reason of a rental contract from B. E. Davis for the year 1947, who, acting for himself and/or as the agent of the defendants, rented same to the plaintiffs.

Plaintiffs allege that on or about the 3rd day of April, 1947, the legal title to said real estate was vested in Dorothy F. Powell, and that she is now in possession of the legal title to same. That on said date the defendant B. E. Davis contacted plaintiffs to sell them said property and the defendants delivered to the plaintiffs an option contract in writing executed by defendants Dorothy F. Powell and Theo Powell, granting to plaintiffs an option to purchase the property, together with the rents for the year 1947, for a valuable consideration, to wit: $1 in cash then paid to B. E. Davis and to the said Dorothy F. Powell and Theo Powell upon the exercise of said option to purchase the same according to its terms; that defendant B. E. Davis made the actual manual delivery of the option to plaintiffs; that a duplicate original of said option contract is in the possession of defendants; that a copy thereof is attached to plaintiffs' petition as "Exhibit A" and made a part thereof, the pertinent parts of which are as follows:

"1. In consideration of the sum of $1 in hand paid and other valuable

considerations, the receipt and sufficiency of which are hereby acknowledged, the undersigned (hereinafter called the 'Seller') who covenants that he is the owner thereof, hereby for himself and his heirs . . . offers and agrees to sell and convey to Jasper O. Moore and Ruby May Moore, husband and wife, (hereinafter called the 'Buyer') and hereby grants to the said buyer the exclusive and irrevocable option and right to purchase, under the conditions hereinafter provided, the following described lands, located in the County of Greer, State of Oklahoma:  The East One-half (E ½) of Section Seventeen (17), Township Three (3) North, Range Twenty-three (23) West of the Indian Meridian, containing 320 acres of land . . . including all improvements and together with all rights, easements, and appurtenances thereunto belonging, described as follows:

"The title to said land is to be conveyed free and clear of all encumbrances. . .

"2. This option is given to enable the Buyer to obtain a loan made or insured by the United States of America, acting by and through the Administrator of the Farm Home Administration, or his delegatee, hereinafter called the 'Government', for the purchase of said land pursuant to Title 1 of the Bankhead-Jones Farm Tenant Act, as amended. It is agreed that the Buyer's efforts to obtain such a loan constitutes a part of the consideration for this option.

"3. The total purchase price for said lands is $9000.00; said amount being in addition to the $1 above mentioned.

"4. The seller agrees to deliver, without charge to the buyer, a policy of mortgage title insurance in favor of the Mortgagee, issued by such company as the Government shall approve, in the amount of the purchase price of said property, . . . The seller further agrees to deliver an abstract of title, continuing down to and including the date when the deed to the buyer and the mortgage to the Mortgagee has been recorded. . .

"5. The seller also agrees to secure for the buyer, from the records of the County Agricultural Conservation Association, aerial surveys of the farm when available, all obtainable information relating to allotments and production history, and any other information needed in connection with the consideration of the proposed purchase of the farm.

"6. The seller further agrees to convey said lands to the buyer by general warranty deed. . . in the form, manner, and at the time required by the Government, conveying to the buyer a valid, unencumbered, indefeasible fee simple title to said lands meeting all requirements of the Government; that the purchase price shall be paid at the time of recording such deed; . . .

"7. . . . Seller to pay taxes for 1946 and all prior years.  Buyer to get rents for year 1947 and pay taxes for 1947.

" . . . .

"9. This option may be exercised by the Buyer at any time while the offer herein shall remain in force, by mailing, telegraphing, or delivering in person a written notice of acceptance of the offer herein to Dorothy F. Powell, at Mangum in the city of Greer County, State of Oklahoma.  The offer herein shall remain irrevocable for a period of 120 days from the date hereof and shall remain in force thereafter until 1 year from the date hereof unless earlier terminated by the seller. The seller may terminate this offer at any time after the 120 days' irrevocable period provided herein by giving the Buyer, ten (10) days' written notice of intention to terminate at the address of the buyer.  Acceptance of this option by the buyer within ten (10) days after such notice is received by him shall constitute a valid acceptance of the option.

" . . .

"In Witness Whereof, the Sellers have set our hands and seal this 3rd day of April A.D., 1947.

"ss/   Dorothy F.   Powell
"ss/    Theo Powell"

Plaintiffs further allege that as a part of said option contract the defendants agreed to deliver to plaintiffs an abstract of title showing indefeasible fee-simple title to said real estate vested in Dorothy. F. Powell free and clear

of encumbrances; that plaintiffs had 120 days from the date of its execution and delivery in which to accept said option to purchase the land and to notify said defendant Dorothy F. Powell in writing by mail at Mangum, Oklahoma, of such acceptance; that on or about the 30th day of June, 1947, within the 120 days granted to them under the option to exercise their option to purchase said real estate, they elected to purchase the same on the terms and conditions set out in said option contract and that they notified said Dorothy F. Powell by letter of that date of their acceptance, and tendered to her the entire purchase price for the property, to wit: the sum of $9,000 by check on the Guarantee State Bank of Mangum, Oklahoma, payable to said defendants upon the delivery to plaintiffs or to said Bank for the plaintiffs the abstract of title showing merchantable title in said lands vested in Dorothy F. Powell free from encumbrances and a deed conveying the same to plaintiffs according to the terms of the option contract. A copy of said letter was attached to plaintiffs' petition and is as follows:

"Mangum, Oklahoma,
"June 30, 1947

"Mrs. Dorothy F. Powell,
"Mangum, Oklahoma.

"Dear Madam:

"Please take notice that we accept the option dated the 3rd day of April, 1947, granted by you to purchase the East Half of Section 17 Township 3 North Range 23 W. I M. in Greer County, Oklahoma

"Also inclosed is a check for the purchase price of $9000.00 payable to you. This check is to be paid upon delivery of the deed and abstract of title to the Guarantee State Bank at Mangum, Oklahoma. You may ascertain that this check is good by inquiry at the bank.

"Deliver the abstract, certificate to date, to the bank and I will have it examined immediately by an attorney. Upon approval of the title the bank will pay the check on delivery of the deed by you and your husband to the bank for us.

"Yours very truly,

"Jasper O. Moore.
"Ruby O. Moore.

"Return Receipt Requested
"Copy to Guarantee State
Bank, Mangum, Oklahoma."

That on the 10th day of July, 1947, the defendants Powells, acting through the defendant Davis, refused to carry out said option contract and refused to accept the purchase money tendered by the plaintiffs and returned to the plaintiffs their check with the statement that they did not want to sell the lands. That again on the 24th day of July, 1947, plaintiffs notified defendant Dorothy F. Powell of their acceptance of the option contract and renewed their tender to her in the sum of $9,000 in payment of said property in writing by letter, copy of which letter was attached to plaintiffs' petition and made a part thereof and reads as follows:

"July 24, 1947.

"Mrs. Dorothy F. Powell,
"Mangum, Oklahoma.

"Dear Madam:

"Inclosed you will find check for the sum of Nine Thousand and No/100 drawn on the Guarantee State Bank, Mangum, Oklahoma, payable to your order.

"Also inclosed find warranty deed, to be signed by yourself and your husband, conveying to us the East Half of Section 17 Township 3 North Range 23 W. I. M., Greer County, Oklahoma.

"Please execute this deed and acknowledge it properly and affix $9.90 U. S. Revenue Stamps thereon, and deliver it to us. I would suggest as a matter of convenience that you deliver the deed to us at the Guarantee State Bank, Mangum, Oklahoma, when you present the check for payment.

"It is possible there may be some delay in completing our loan with the Farm Home Administration, for which

we have made application. There will be some expense in connection with certifying to the entire abstract, and the first seventeen pages are mutilated until they need replacement; also for the title policy of insurance as provided for in the option contract. In the event you execute and deliver this deed to us, not later than July 29th, 1947, we will waive the matter of your paying these expenses, and will take care of the same personally.

"You are again notified that we are accepting the offer to purchase and option to purchase, contained in your option contract with us, dated April 3rd, 1947. In the event, for any reason whatever, payment and tender of the money as heretofore tendered you on June 30th, 1947, and our acceptance of said option contract, is not sufficient; or, in the event, payment and tender of the purchase money as offered herein, is for any reason insufficient as an acceptance of the option contract, according to its terms, we offer and desire to accept the same, in accordance with the terms of the option contract, and if in any manner we have failed, and/or/ are not accepting the option in the terms of the option contract, if you will kindly indicate wherein we have failed to do so, we will do and now offer to do so.

"If it does not meet with your approval to deliver the deed properly executed to us at the Guarantee State Bank of Mangum, Oklahoma, and you will indicate the time and place, you desire us to meet with you, for delivery of the deed, and for the payment of the purchase money to you, we will endeavor to be on hand with the money, such place to be at some reasonable and proper place, and such time to be some reasonable and proper business hours, as may be usual and customary for the transaction of business.

"Yours very truly,

"Jasper O. Moore

"Ruby May Moore
"By
"Jasper O. Moore,
"Husband and Agent.

"CC:

Guarantee State Bank, Mangum, Oklahoma;

"B. E. Davis, Mangum, Oklahoma."

That the defendant Dorothy F. Powell again refused and still refuses to comply with said option agreement to convey said land.

Plaintiffs alleged that on July 31, 1947, plaintiffs again accepted said option to purchase said real estate, which acceptance was duly executed and signed by plaintiffs and mailed to the defendant Dorothy F. Powell at Mangum, Oklahoma. That it was received by the defendant Dorothy F. Powell, Theo Powell, and B. E. Davis, copy of which is attached to plaintiffs' petition and made a part thereof and reads as follows:

"Form FSA-Le 191B
Rev. 3-1-46

"Date: July 31, 1947

"United States Department of Agriculture
Farm Security Administration.
Acceptance of Option

"(for use when Vendor furnished Title Insurance)

"To: Mrs. Dorothy F. Powell
"Mangum, Oklahoma

"Dear Mrs. Powell:

"Reference is made to the option you granted to me on the 3rd day of April, 1947, to purchase from you land located in the County of Greer, State of Oklahoma, for the sum of Nine Thousand and No/100 Dollars ($9000.00), said lands being more fully described in said option.

"I hereby accept the offer contained in said option on the terms therein set forth.

"You are hereby notified that, except as expressly reserved in your option, you are required not to cut any growing timber on the above lands; not to plow any pasture land; not to remove or damage any buildings or improvements thereon; and not to

commit any waste thereon or depreciate the value thereof in any way.

"Very truly yours,

"s/ Jasper O. Moore
"Jasper O. Moore, (Buyer)

"The application for title insurance, signed by you at the time you gave this option, has been delivered.

"Overton Abstract Company, whose address is Mangum, Oklahoma, represents the title company locally and is your representative. If you are interested in receiving prompt payment for the property, as we assume you are, you should keep in close touch with Overton Abstract Company and supply him with any documents which will aid in early clearance of the title.

"s/ Loyal J. Bell
"(FSA Supervisor)"

Plaintiffs allege that by reason of the payment of $1 and the further payment of $9,000 and the payment of taxes for the year 1947, under the terms of the option contract that they are entitled to the rents and profits on said lands for the year 1947. That while said option was in force, plaintiffs made certain crops which were harvested from said lands in June, 1947, and that the rental share of the same amounts to $2,130.21. That by reason of the fact plaintiffs had always dealt with the defendant B. E. Davis in renting said lands and in the handling of the option contract, and for the purpose of keeping the rents separated until final acceptance of said option contract and close of the sale and transfer of said real estate, plaintiffs deposited said wheat rents in the amount of $2,130.21 in the Guarantee State Bank of Mangum, Oklahoma, in a separate account to the joint credit of plaintiff J. O. Moore and defendant B. E. Davis. That under the terms of the option contract and their acceptance thereof, said rent money belongs to the plaintiffs. That the defendant Bank is made a party to this action in order that it may be subject to a proper order by the court with reference to the payment of said $2,130.21 rent money deposited in said Bank.

Plaintiffs allege full compliance with the terms of said option contract and that by reason thereof they are entitled to have the defendants perform same and deliver to them the title to said real estate, and the rents with abstract of title, together with a policy of insurance, insuring title to said property as provided in said option contract.

Plaintiffs allege that B. E. Davis claims some right or interest in said lands and the rents, the nature of which is unknown to plaintiffs. That if defendant B. E. Davis does, in fact, have any claim to the property in question, he should be required to set forth same. That the defendant B. E. Davis is estopped from claiming or asserting any claim adversely to plaintiffs by reason of his conduct in handling the said acceptance as herein set out, and the delivery of said option contract in behalf of his daughter, Dorothy F. Powell, to the plaintiffs. That said defendant Davis did not make known his claims, if any, he had to plaintiffs at the time he handled negotiations and delivery of said option contract signed by his daughter and her husband to the plaintiffs, and that his rights are junior and inferior to the rights of plaintiffs herein.

Plaintiffs pray judgment against the defendants Powells for specific performance requiring conveyance and delivery of the title to the land in question and for the 1947 rents thereon in the sum of $2,130.21, and an order directing the defendant Bank to pay said rent money impounded therein and for judgment decreeing that B. E. Davis has no interest or claims in said property.

Plaintiffs allege in their second cause of action that since the making of the option contract the lands and rents have increased in value in that at the

time of delivery of said contract they were of the value of $9,000; that said lands and rents for the year 1947 on the dates plaintiffs accepted said option contract were and are worth the sum of $11,130.21, and that the land alone was originally worth, at the time of said option contract, $7,000, and the same is now worth $9,000, and the rents in the sum of $2,130.21 make a total difference in value of said rents and lands in the sum of $4,130.21. That if, for any reason, specific performance of the contract, including the conveyance of said lands, cannot be had, that they have been damaged by the defendants in the sum of $4,130.21, and pray that in the event specific performance cannot be had, that plaintiffs have judgment in the alternative for damages in the sum of $4,130.21.

Separate motions to strike were filed by the defendants which were overruled and each excepted thereto, and thereupon general and special demurrers were filed, which were also overruled and each of the defendants excepted thereto.

The defendant B. E. Davis then filed his separate answer to the foregoing petition of the plaintiffs in which he denied the allegations therein except such as was admitted. The defendant alleged that on April 3, 1947, the record title to the real property was in his daughter, Dorothy F. Powell, subject to a mortgage of $4,094.43; that he was on said date and many years prior in possession of and the equitable owner of said property; that he paid all taxes, mortgage indebtedness, expenses of upkeep, managed, leased and rented said lands for crop rents; that he rented said property to the plaintiff J. O. Moore for the years 1942 and 1943; that about December 11, 1942, in order to enable J. O. Moore to obtain an F.S.A. loan he executed a written contract leasing him the property for 36 months, beginning January 1, 1943, for a consideration of crop rents to be paid by lessee; that thereafter he orally leased the premises to said J. O. Moore

for the year 1946, and again by oral agreement rented the premises for the year 1947; that plaintiff J. O. Moore promised to pay and deliver to him crop rents; that plaintiffs harvested the wheat crop in June, 1947, sold the same and, without authority, deposited the proceeds thereof, $2,130.21, to the joint credit of J. O. Moore and defendant B. E. Davis, and has failed, neglected and refused to deliver to the defendant his one-third of the alfalfa raised on the premises. Defendant further claims that plaintiffs owe him $2,130.21 proceeds of sale of his share of the crops harvested in the year 1947. Defendant denies that he was the agent of the defendants Powells and states that he never read the alleged option signed by the defendants and never had same in his possession after April 3, 1947, and never read a copy thereof until after June 3, 1947.

He pleads that plaintiffs at all times had actual knowledge of his rights, title and interest in the said lands and recognized and acknowledged the same. Defendant prayed judgment that plaintiffs take nothing and that he recover the rents due him.

The defendants, Dorothy F. Powell and Theo Powell, for their separate answers to the plaintiffs' petition deny all allegations thereof except such as admitted, and alleged that on April 3, 1947, when the option was executed, the legal title to the land was in Dorothy F. Davis, the same person as Dorothy F. Powell, and subject to a mortgage of $4,094.43; that plaintiffs having prior to said date made application to the Administrator of the Farm Home Administration for a loan made or insured by the United States of America for purchasing a farm, pursuant to Title 1 of the Bankhead-Jones Farm Tenant Act as amended, procured from FSA supervisor three printed forms for an option to purchase a farm with such a loan, caused same to be filled in and prepared, and thereafter, on April 3, 1947, defendants signed each; that they were returned to the plaintiffs and de-

fendants have never at any time since had either in their possession.

That said instruments prescribed the terms and conditions of the option and offer, and these defendants offered to the plaintiffs the option, right, and privilege of purchasing, free and clear of encumbrances, the real property in the event of and upon the conditions that plaintiffs obtained a loan made or insured by the Government, pursuant to Title 1 of the Bankhead-Jones Farm Tenant Act, and pay the purchase price of $9,000 for the lands in the manner and at the time and place in said offer prescribed; that the act and the rules and regulations promulgated thereunder formed a part of said option and offer, required the determination of the value of said real property, and as a condition precedent to making or insuring such a loan and purchasing said property, the value of said property to be at least $9,000 and that payment be made at the time of recording deed and at the office of the FSA Supervisor in Mangum, Oklahoma.

The defendants deny that plaintiffs accepted said option and offer, and that there is any contract between them and the plaintiffs. Defendants allege that by their letter of June 30, 1947, addressed to the defendants, plaintiffs abandoned all efforts to obtain said loan by proposing to accept said option and offer upon new and different terms and conditions, to wit: the delivery of deed and abstract certified to date to the Guarantee State Bank of Mangum, Oklahoma, for examination by an attorney and in the event title was approved said Bank would pay check of plaintiffs for $9,000 to Dorothy F. Powell; that said letter was not an acceptance of said option and offer absolutely, unconditionally and upon the identical terms of said offer, but was a rejection of the option and offer and ended the negotiations.

That defendants refused to accept said new and counter offer and to renew their said original offer. Defend-

ants further allege that they signed the offer and option without ample consideration; that said printed forms prepared for use only in purchasing farms under said act provided no space for any statement with respect to rents; that it was not intended that in the event defendants should deed said property to the plaintiffs that it would transfer or assign any rents to the plaintiffs; that there was no consideration for the rents and that the statement "Buyer to get rents for the year 1947" was written in said option and offer in a space provided for tax agreement.

That defendants Powells had no right, title or interest in any rents for the use of said property for the year 1947, all of which plaintiffs well knew; they allege that B. E. Davis was, on April 3, 1947, and for more than 10 years prior thereto, in possession of and the equitable owner of said real property and the exclusive owner of shares of the crops raised on the premises during the year 1947, for which shares of crops the plaintiff J. O. Moore, by rental contract made between him and B. E. Davis, promised and agreed to deliver to B. E. Davis. Defendants deny that B. E. Davis was or is their agent; they allege that B. E. Davis has at all times paid all taxes, mortgage indebtedness, costs of up-keep, had possession of, leased, and rented said lands for himself the past 20 years, and that for himself and not for these defendants he rented the real property to plaintiff during the year 1942 for the years up to and including 1947. Defendants deny that they have breached any contract and deny plaintiffs' right to recover damages.

The plaintiffs filed their reply to the separate answers of the defendants denying each and every allegation in each contained.

Upon the issues thus joined, trial was had by the court and the exhibits referred to in the pleadings hereinabove set out were introduced in evidence, and the plaintiffs and defendants, to-

gether with other witnesses testified. At the close of the trial the cause was taken under advisement by the court and briefs were submitted. Thereafter, judgment was rendered for the plaintiffs, decreeing specific performance and a judgment in the alternative, for damages to the plaintiff. After unsuccessful motion for a new trial, defendants appeal.

Defendants, in their numerous assignments of error, contend that the court erred in overruling their demurrers and motions, erred in the admission of incompetent, irrelevant and immaterial evidence on the part of the plaintiffs, and in refusing to admit competent evidence on the part of the defendants; the judgment was contrary to law and equity, and that motion for a new trial should have been sustained, all of which are without merit.

They argue their numerous assignments of error under two propositions, which, for the sake of clarity, we summarize as defendants' material contentions: (a) that the option was without consideration; (b) that there was no acceptance, and therefore, there can be no specific performance of an unaccepted option; (c) that the consideration agreed to be paid for the property involved was inadequate, and by reason thereof the contract of sale was invalid; (d) that defendant B. E. Davis was the equitable owner of the property involved, but was not a party to the contract of sale and specific performance cannot be had against him; (e) that as plaintiffs' lessor he was entitled to the rents; (f) that it was error to render an alternative judgment for damages in the sum of $2,250; (g) prematurity of action.

The trial court in this case was governed by the rule that specific performance of a contract was not a matter of right, but a question of equity, and the application is addressed to the sound legal discretion of the trial court and controlled by the principles of equity in full consideration of the circumstances in each case, Crutchfield v. Griffin, 139 Okla. 35, 280 P. 1075, and, in an equitable action, the presumption is in favor of the finding of the trial court, and it will not be set aside unless against the clear weight of the evidence. Id.

No question is raised as to the existence of an option but defendants' contention (a) is that the option was without consideration. The option provided and the evidence discloses that plaintiffs paid to defendants One Dollar ($1) as a consideration. This was an adequate consideration for an option to purchase land if the consideration for the purchase of the land is adequate. 49 Am. Jur., Specific Performance, §117 et seq.; Miller v. Kimmel, 76 Okla. 233, 184 P. 762; Thomas v. Johnson, 55 Utah 424, 186 P. 437. In the Utah case it was said:

"It is contended by respondent that $1 is an inadequate consideration for the option; that to tie up land worth $6,000 for the time provided for in the option is an inequity so manifest, so strong, and so gross as to shock the conscience of the chancellor.

"According to the weight of authority, a nominal consideration for an option is sufficient. Miller v. Kimmel, (76 Okla. 233, 184 P. 762; Smith v. Bangham, 156 Cal. 359, 104 Pac. 689, 28 L.R. A. (N.S.) 523; 25 R.C.L. §37, p. 237; James, Option Contracts, §326. If the consideration for the purchase of the property is adequate, the consideration for the option to purchase, however small, is binding. To hold otherwise would be to destroy the efficacy of contracts that are made daily in the course of real estate, mining, and other business pursuits. Mathews Slate Co. v. New Empire Co. (C.C.) 122 Fed. 972."

It is next urged, under contention (b), that there was no acceptance of the option, which, if true, bars any action for specific performance. 49 Am. Jur., Specific Performance, §119. But from an examination of the exhibits heretofore set out, and which were introduced in evidence, the testimony and the finding of the trial court, we are of the opinion that unquestionably there

was an acceptance of the option. However, in this connection, it is urged by the defendants that the option was given to enable plaintiffs to obtain a loan made or insured by the government for the purchase of the real property involved in this action under the conditions therein prescribed; and that obtaining such a loan was a condition precedent to unconditional acceptance and a contract binding plaintiffs to purchase, and binding defendants to sell said real estate.

This contention is untenable. Obviously, there was nothing in the plaintiffs' acceptances that changed the conditions of the option or operated as a rejection thereof. Nothing was required that imposed any additional burdens upon the defendants; in fact, it was to the defendants' advantage to get their money without waiting until a government loan was made.

They could not receive any additional benefits from a government loan. The plaintiffs otherwise had complied with every legal requirement pertaining to the exercise of their rights under the option. 55 Am. Jur., Vendor and Purchaser, §§38, 39, 40, and 41.

Defendants' contention (c) as to the invalidity of the contract of sale for lack of adequate consideration is untenable. All that is required in a bill for specific performance is that the contract is fair, just, equitable and reasonable.

The option for the contract was entered into on April 3, 1947, and the consideration for the property was agreed to be $9,000. The plaintiffs were to pay the taxes for 1947, and defendants for prior years. Plaintiffs were to have the rents for 1947. The evidence discloses that on the date the option was signed, $9,000 was a fair and reasonable consideration for the property, but that at the time of acceptance the value of the land was $9,000 or $10,000, and that the value of the rents was approximately $2,150.

Courts will not enter into an investigation and determine the wisdom of a bargain made by persons competent to deal with their own affairs. 49 Am. Jur., Specific Performance, §60. In Henry Keep Home v. Moore, 198 Okla. 198, 176 P. 2d 1016, the rule applicable herein was stated as follows:

"The general rule is that specific performance will not ordinarily be denied because of events occurring after the contract is made which tend to show that the contract is unjust, such as a change in value, but the unfairness must be determined as of the date of the contract. 49 Am. Jur. (Spec. Per.) 78, 79; Pomeroy's Equitable Remedies, 2d Ed., Sec. 2219; Annotation, 65 A.L.R. 72"

The further contention (d), that defendant B. E. Davis was the equitable owner of the property involved, and not a party to the option contract and therefore not subject to the action of specific performance, is also untenable.

Where one clothes another with apparent title to property and permits another to appear as the owner thereof, and participates in the transaction of making the sale, but remained silent as to his ownership, he is estopped to assert title to or power over the property, or to deny the title of the ostensible owner. 31 C.J.S., Estoppel, §104; 19 Am. Jur., Estoppel, §129 et seq., Magin v. Bovaird, 198 Okla. 77, 175 P. 2d 333, Annotations 50 A.L.R. 696 et seq.

The evidence is ample to sustain the finding of the trial court that at all times the defendant B. E. Davis conducted all the negotiations, leading to the granting, execution and delivery of the option agreement to plaintiffs; that Davis was the equitable owner of the property, but that plaintiffs knew nothing about such ownership; that the making of the option, execution and delivery thereof, and the acceptance of the sum of One Dollar ($1) therefor, estopped Davis from complaining or re-

quiring that said option be signed by him; that by clothing his daughter, Dorothy Powell, with legal title, and having her and her husband execute the option agreement, he may not now complain, and any rights he has, if any, are subject to the rights of plaintiffs.

The further contention (e) that as plaintiffs' lessor, he (Davis) was entitled to the rents is also untenable.

The court, in addition to the findings of ownership, as stated under contention (d) above, found that for the same reasons defendant Davis was estopped from claiming any rents.

The rights and liabilities of the parties as to rents were governed by the contract which provided that plaintiffs were entitled to the rents, 66 C. J., Vendor and Purchaser, §793.

As to the contention that the court erred in rendering alternative judgment, defendants call attention to section 27, Title 23, O. S. 1941, and the case of Whisnand v. Wingfield, 186 Okla. 148, 96 P. 2d 318. We have examined the pleadings and evidence and are of the opinion that the judgment of the trial court in this respect was not erroneous.

It is further contended (g) that the action, if proper, was prematurely brought. This is without merit.

The records discloses that defendants had informed plaintiffs that they had decided not to sell the property and attempted to rescind the option contract before the expiration of the time specified therein for the acceptance thereof and that the suit was brought after the attempted rescission. Such renunciation was a repudiation of the contract by defendants and plaintiffs could then immediately bring suit for specific performance of the contract. 49 Am. Jur., Specific Performance, §142.

Record and evidence in this case examined, and the judgment of the trial court held not to be clearly against the weight thereof.

Affirmed.

ARNOLD, C.J., LUTTRELL, V.C.J., and WELCH, GIBSON, DAVISON, HALLEY, and O'NEAL, JJ., concur.