Trig T. BOWEN, Plaintiff in Error,

v.

Thelma W. FREEARK, Charles T. Wright and Mary Olive Wright, Victor D. Hellman and David G. Hellman, Defendants in Error.

No. 39585.

Supreme Court of Oklahoma.

Feb. 20, 1962.

Rehearing Denied March 27, 1962.

Application for Leave to File Second Petition for Rehearing Denied April 17, 1962.

Milton C. Craig, Chandler, for defendants in error, Thelma W. Freeark, Charles T. Wright and Mary Olive Wright.

P. D. Erwin, Chandler, for plaintiff in error.

DAVISON, Justice.

This is an appeal by Trig T. Bowen, plaintiff below, from a judgment of the lower court denying his action for specific performance of an option agreement for the purchase of real estate. The parties will be referred to as they appeared in the lower court or by name.

The record reflects that the defendant, Thelma W. Freeark, was the owner of a business building in Chandler, Oklahoma. On October 23, 1957, she leased the property to plaintiff for three and one-half years with rent to be paid monthly. Plaintiff and his wife operated a furniture store in the building. The written lease contained the following provisions:

"It is further agreed that if, during the term of this lease, the lessor, his heirs or assigns, should desire to sell said demised premises, then lessee, his executors, administrators, or assigns, shall have the privilege of purchasing the same for the same price for which the lessor would be willing to sell to any other person; but if the lessee, his executors, administrators, or assigns, shall not exercise said option of purchase within 10 days after notice in writing from the lessor, his heirs or assigns, of such desire to sell, then this lease shall have become void upon a conveyance of said demised premises by the lessor, his heirs or assigns."

The lease was never filed of record.

About the middle of March, 1960, the leased building was damaged by a fire that originated in an adjoining building. About April 1, 1960, Mrs. Freeark contacted plaintiff and his wife relative to sale of the property to them. The testimony of Mrs. Freeark was that her price was $20,000 less the proceeds of the insurance because of fire damage. The testimony in behalf of plaintiff was that the asked sale price was $20,000 less the insurance proceeds, except that the insurance was to be split if a good adjustment was had on the insurance claim. Mrs. Freeark testified

plaintiff and his wife "said they definitely weren't interested in buying the building." Plaintiff testified "I did tell Mrs. Freeark that I would not be interested in paying $20,000 for the building."

After the above conversation and on April 6, Mrs. Freeark and the defendant, Charles T. Wright, began negotiations for the sale of the property to Wright and on that date orally agreed on the terms of the sale. Wright knew that plaintiff was the tenant in the building. Wright testified that he was not aware of the option to purchase and that before the sale was consummated he saw plaintiff on the morning of April 7, and stated "I suppose you have heard the rumors?" and upon plaintiff stating "yes," they discussed when the building could be vacated. Plaintiff admitted having a conversation with Wright, but stated that it occurred the morning after the sale was made and that Wright stated he had bought the property. There was no mention of the option agreement.

The sale price to Wright was $19,000 with Wright to receive the proceeds from the insurance for the fire damage to the building. This insurance payment, when later received, amounted to $4687.11. No written notice was given to plaintiff as to the terms of the proposed sale. The record reflects a warranty deed from Mrs. Freeark to the defendants, Charles T. Wright and Mary Olive Wright, and a mortgage from the grantees to Mrs. Freeark in the amount of $10,000, payable in five annual installments. These instruments are dated April 7, 1960, and were filed of record April 14, 1960. The record also reflects a second mortgage from the above grantees to the defendants, Victor D. Hellman and David G. Hellman, for $9000, dated and filed for record April 8, 1960, and due April 7, 1961. The proceeds of this second mortgage were paid to Mrs. Freeark.

Subsequent events were that the matter of vacating the premises was again discussed; that on April 13, 1960, plaintiff's wife told Mr. Wright the building was leaking badly because of rain and he had

a roofing concern do some repair work; and that in accordance with prior practice of depositing the rent in a local bank, the plaintiff deposited the rent on April 23. On April 24, 1960, plaintiff's wife called on Mr. Wright and asked the terms of the sale and showed him the lease and option provision. On May 13, 1960, plaintiff made written tender to Mrs. Freeark of $19,000, less the amount payable on the insurance claim for a conveyance of the property free of claims of the above defendants and filed suit for specific performance of the option agreement.

The defendants Freeark and the Wrights answered by plea of acts of estoppel on the part of plaintiff. The defendants Hellman filed no answer. The matter was tried to the court and the findings of fact by the trial judge contained essentially all of the matters herein set forth. The trial court further found that the conversation between Wright and plaintiff was on April 7, and was before the purchase was closed and concluded that plaintiff had dispensed with and waived the right to require performance under the option and held for the defendants.

Waiver and estoppel are closely related. However, in view of the fact that the issues and briefs present essentially the question of estoppel on the part of plaintiff, we will determine the matters on that proposition.

Plaintiff urges the judgment is not sustained by the evidence. No claim was made below and none is made here that the option clause was invalid or unenforceable by reason of being unjust, unfair, without consideration, or so contradictory or ambiguous as to preclude specific performance. The question presented here is whether under all the facts and circumstances, as reflected by the record, there is proof of estoppel, and whether the judgment denying specific performance is against the clear weight of the evidence.

In Powell v. Moore, 204 Okl. 505, 231 P.2d 695, 703, we stated:

"The trial court in this case was governed by the rule that specific performance of a contract was not a matter of right, but a question of equity, and the application is addressed to the sound legal discretion of the trial court and controlled by the principles of equity in full consideration of the circumstances in each case, Crutchfield v. Griffin, 139 Okl. 35, 280 P. 1075, and, in an equitable action, the presumption is in favor of the finding of the trial court, and it will not be set aside unless against the clear weight of the evidence. Id."

In Wisel v. Terhune, 201 Okl. 231, 204 P.2d 286, 291, we stated:

"Estoppels are said to be favored in equity, their peculiar office being to promote justice * * *."

We have carefully examined the entire record and it is our opinion that the finding of the lower court that the conversation of Wright and plaintiff took place on April 7 and was prior to the closing of the purchase of the property, is reasonably supported by the evidence. From the conversation the plaintiff knew of the prospective purchase of the property by Wright. For some reason plaintiff chose to remain silent as to the option. Plaintiff's acquiescence by silence is evidenced by his subsequent conduct during the discussion as to vacation of the building, the repair of the building and the deposit of the rent in the bank on April 23, 1960.

It is stated in Pomeroy's Equity Jurisprudence, Vol. 3, Fifth Edition p. 250, Sec. 818:

"Acquiescence consisting of mere silence may also operate as a true estoppel in equity to preclude a party from asserting legal title and rights of property, real or personal, or rights of contract. The requisites of such estoppel have been described. A

fraudulent intention to deceive or mislead is not essential. All instances of this class, in equity, rest upon the principle: If one maintain silence when in conscience he ought to speak, equity will debar him from speaking when in conscience he ought to remain silent. * * *"

See Brusha v. Board of Education, 41 Okl. 595, 139 P. 298, 300, L.R.A.1916C, 233, wherein we quoted with approval as follows:

"'Its foundation is justice and good conscience. Its object it (sic) to prevent the unconscientious and inequitable assertion of enforcement of claims or rights which might have existed or been enforceable by other rules of the law, unless prevented by the estoppel; and its practical effect is, from motives of equity and fair dealing, to create and vest opposing rights in the party who obtains the benefit of estoppel.' Pomeroy's Eq.Juris. § 802."

■ Plaintiff urges that his possession as tenant constituted notice of any right or interest that he had or possessed relative to the property. In such situation, in the absence of special circumstances, plaintiff was not bound to take active steps for the purpose of conveying notice of his interest to another party. 19 Am.Jur., Estoppel, p. 775, Sec. 118. However, it is stated in said Sec. 118, supra, as follows:

"* * * All that equity requires is that the possessor shall do no act and be guilty of no misleading silence, or apparent acquiescence, by which another may be entrapped into a transaction which he would not have entered into if he had been advised of the true facts. * * *"

It is our opinion that in the light of the above rules of law that plaintiff was in a position where he was faced with the duty of making known his rights under the option agreement or remaining silent. He chose to remain silent. The defendants relied upon his acquiescence and as a result

plaintiff was estopped to assert any rights under the option clause.

It is our conclusion that the lower court's judgment is not against the clear weight of the evidence.

Plaintiff cites Sarkeys v. Russell, Okl., 309 P.2d 723, in which the record title owner was represented and stood silent at a United States Marshal's sale of her property pursuant to execution issued on a judgment against her husband. We held the owner not estopped. The decision was based on the existence of the owners record title and absence of any act misleading or inducing the purchaser to buy. There was no obligation to speak. In the present case the right of plaintiff was not of record for all to see and his possession was referable to his status as a tenant. It was his duty to disclose any other right or interest when personally confronted by a prospective purchaser making inquiry regarding vacation of the property.

■ Plaintiff contends that the defendants did not plead estoppel and that such defense is therefore not available to them. The defendant Freeark's answer pleads estoppel of plaintiff generally and as a conclusion. The defendants Wrights' answer pleads in some detail the facts and circumstances surrounding the sale of the property and particularly the alleged conversation with plaintiff prior to the consummation of the sale with Freeark and the silence of plaintiff as to any option agreement, and concludes with a plea of estoppel against plaintiff. There is no merit in plaintiff's contention.

■ Plaintiff relies on 15 O.S.1951 § 237, and contends his written option agreement could only be altered by a written agreement or by an executed oral agreement. This does not prevent the full operation of the principle of equitable estoppel, where under the circumstances the acts or omissions of the complaining party are sufficient to estop him from claiming a right to have something done under the contract which he in effect prevented being done.

Walker Valley Oil & Gas Co. v. Parks & Palmer, 128 Okl. 286, 262 P. 672. Plaintiff's contention is denied.

Judgment affirmed.

WILLIAMS, C. J., and HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.